## SOULE *versus* BONNEY.

Upon a note, given under duress by imprisonment, no action can be maintained. *Such duress* must be an unlawful restraint of the person.

It is no defence to a note, that it was given for the suppression of a prosecution, criminal merely in form, but involving no criminal offence.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

The action was upon a note of hand, in the name of the indorsee. Whether it was indorsed when over due was a question to the jury. The defence set up was, that the note was without consideration, given under duress, and to compound a felony.

The plaintiff offered evidence tending to show his ownership, and that it was given for a balance due on joint notes of defendant, and one Gorham, to Thomas Sears, which had become barred by the statute of limitations.

The defendant contended that although given for such balance, this action could not be maintained, because he was held under arrest by a warrant until he gave the note in suit, on complaint of one Moses Dennett.

Evidence was admitted showing that the defendant gave the note while under arrest upon said complaint, and was discharged from arrest on giving the note.

Neither the complaint, warrant, or any record thereof, was produced; nor was any sufficient search shown to let in parol proof of their contents.

The presiding Judge instructed the jury, that in order to constitute duress by imprisonment, the original restraint of the person must have been unlawful, or there must have been an abuse of legal process; and that the fact, that the prosecution was abandoned, and the defendant discharged

from the arrest at the time the note was given, would not necessarily impair the note; but if the defendant was under arrest at the time on such prosecution, and by reason of that, was induced and constrained to make a settlement, and give the note to procure his discharge from the arrest, when he would not have done so but for the arrest, and if the consideration of the note or any part of it was the compromising or suppression of the prosecution, the note would be invalid. A verdict was returned for the defendant.

*Clifford*, for plaintiff.

*Ludden*, for defendant.

SHEPLEY, C. J. — The defence to the note sued appears to have been, that it was made under duress of imprisonment.

No complaint or warrant, nor the record of any was produced, and no such proof of loss was made as to permit secondary proof of their contents. It is not perceived, that the Court or jury could be informed that the restraint was unlawful; and the Court appears to have correctly instructed respecting what should constitute duress by imprisonment.

A new defence appears then to have been insisted upon, that the note could not be recovered if given for the suppression of a criminal prosecution. On this point the instructions stated, " if the consideration of the note or any part of it, was the compromising or suppression of the prosecution, the note would be void."

There could have been no legal proof that " the prosecution" was for any offence known to the law. It might have been for something which the law would not regard as an offence, such as a prosecution in a criminal form for a trespass.

The instructions would authorize the jury to find the note to be void, if made to suppress a prosecution in a criminal

form, for something not involving the commission of any criminal offence.      *Exceptions sustained,*

*verdict set aside, and*

*new trial granted.*

RICE, HATHAWAY and CUTTING, J. J., concurred.