## WINSLOW BATES *versus* BRIDGET BUTLER.

When notes are taken for fines and costs, as provided by R. S. of 1841, c. 175, if not paid voluntarily, they must be collected, wholly or partially, or cancelled, in the manner provided in said statutes, c. 152, § § 28, 29, and 30.

The statute, requiring such notes to be made payable to the treasurer of the county, confers no authority upon him to indorse and transfer them to another individual.

The statute does not require them to be negotiable.

A., as county treasurer, received certain notes for fines and costs, under the R. S. of 1841, c. 175, payable to him or order, and indorsed them over to B., without recourse, agreeing that B. should have a per centage of what he might collect : —

*Held,* that such indorsement and agreement was a proceeding not contemplated by the statute : —

*Held,* that B. had no authority to commence a suit on said notes in his own name.

The statute, allowing convicts to give their notes for fines and costs, confers no authority to require such notes to include the expense of their board in jail, while confined under sentence of imprisonment.

If a note is given by an imprisoned person, to procure his discharge, it is not given under duress, and it cannot be avoided on that plea.

ON AGREED STATEMENT.

This was an action on two notes of hand given by the defendant on her release from imprisonment in the county jail,

and included the amount of fines and costs against her, and for her board.

The notes were made payable to the treasurer of the county or order, and by him were indorsed over to the plaintiff, without recourse.

At the same time, the plaintiff received other notes from the county treasurer, and signed the following paper: —

"Schedule of certain notes belonging to the county of Washington, given by discharged prisoners under the poor convict Act, c. 175, R. S., and placed in the hands of Winslow Bates of Eastport, for collection, with the understanding that he is to have twenty-five per cent. of the amount which he collects, and the county is not to be subjected to any costs or expenses in collecting said notes."

Previous to putting the notes into the hands of the plaintiff, the treasurer, in a conversation with the chairman of the County Commissioners, was informed that the board advised such a disposition of the notes, and at the April term following, of the County Commissioners, the following order was passed: —

"*Ordered,* that the county attorney take such legal measures for the collection of the county notes and securities as he shall judge expedient; and that the county treasurer be also authorized to compound with the persons liable on such notes or securities, on such terms as the best interests of the county may require."

*George F. Talbot,* for plaintiff, argued that the notes were properly negotiable, and that the law in this State, in reference to suits upon negotiable promissory notes indorsed in blank, is as follows: —

*First.* The said suit may be brought by any *bona fide* holder, such notes passing by delivery alone, like notes payable to bearer, so long as the indorsement remains blank. *Marr* v. *Plummer,* 3 Greenl. 73; *Fisher* v. *Bradford,* 7 Maine, 28; *McDonald* v. *Bailey,* 14 Maine, 101; *Southard* v. *Wilson,* 29

Maine, 56; *Beckman* v. *Mulson,* 9 Met. 434.  Plaintiff was a *bona fide* holder of the notes.

*Second.*  The suit upon such note may be brought by any person having an interest in it.  *Franklin Bank* v. *Lawrence & al.*, 32 Maine, 586; *Bragg* v. *Greenleaf,* 14 Maine, 395; *Manufacturers' Bank* v. *Cole,* 39 Maine, 188.  Plaintiff certainly had a direct interest in the notes, according to the schedule, aside from his interest as indorsee.

*Third.*  The suit upon such note " may be brought in the name of any person who subsequently ratifies it, although he has no interest in the note or knowledge of the commencement of the action, or of the existence of the note, where there is no evidence of fraud, oppression or any corrupt or improper motive."  *Golder* v. *Foss,* 43 Maine, 364; *Fisher* v. *Bradford,* 7 Maine, 28; *Franklin Bank* v. *Lawrence,* 32 Maine, 586.

*A. Hayden,* for defendant, contended,—

1. That the notes were void, having been given under *duress.*  2 Bacon's Ab., title " Duress."

2. The sheriff is not authorized by the statute to require a negotiable note.  Negotiability is not implied by the words " promissory note."  Bayley on Bills, 1.

3. The note exceeded the fine and costs, and was therefore void.

The opinion of the Court was drawn up by

TENNEY, C. J.—When any person convicted of a criminal offence shall be sentenced to pay a fine and costs, or costs only, and stand committed until sentence be performed, if the sentence be not complied with, by payment of the sum due within thirty days next following, the sheriff may liberate him from prison, if committed for no other cause, and if he is unable to pay such fine and costs, upon his giving his promissory note for the amount due, payable to the treasurer of the county where he was committed on demand, with interest, accompanied with a written schedule, containing a true account

of all his property of every kind, by him signed and sworn to ; which note and schedule shall be by such sheriff delivered, within thirty days next following, to said treasurer, for the use of the county. R. S., 1841, c. 175, § 1.

The sheriff in each county shall, as often at least as every three months, deliver over to the treasurer of his county, all notes or other securities by him taken for fines and costs, on the liberation of poor convicts from prison pursuant to law.

The county treasurer shall, at the next following session of the County Commissioners, lay before them a schedule of all such notes, with the amounts due on them respectively, to be filed with the clerk.

The Commissioners shall, from time to time, examine such notes and securities, and order the county attorney to take such legal measures for their collection, by suit or otherwise, as they shall judge expedient; and they may authorize the treasurer to compound with any of the persons liable on such notes or securities, or cancel the same, on such terms as the board shall direct. R. S., 1841, c. 152, § § 28, 29 and 30.

It appears, from the facts agreed, that the notes in suit were taken by the sheriff, under the authority of the provision first cited, as the consideration of the maker thereof for her discharge from prison. Without the statute, the sheriff had no power to receive the notes for fines and costs, unpaid, and release her from her imprisonment. And, unless the payment of such notes is made voluntarily, the statute last referred to provides the manner in which they shall be collected, wholly or partially, or cancelled.

Negotiability is not an essential element in a *promissory note of hand.* Such is a plain and direct engagement in writing to pay a sum specified at the time therein limited, to a person therein named, or sometimes to his order, or often to the bearer, at large. 2 Black. Com. 467. It was for sometime unsettled, whether it was not essential that a bill or note should be payable either to order or bearer, but it is now decided that it is not. *Smith* v. *Kendall*, 8 Term R., 123; *Rex* v. *Box*, 6 Taunt. 325; Bayley on Bills, 21.

Bates *v.* Butler.

We do not intend to say that the negotiable words in the notes in suit would render them void, for that question is not necessarily raised in the case. But the statute, which has been cited, confers no authority upon the treasurer of the county to indorse and transfer such notes to another individual. And the statute does not require that they shall be negotiable. If the notes are not paid after a certain time, the treasurer's duty requires him to lay before the County Commissioners the specific amount of the notes to be filed with the clerk. This being done, he seems to have nothing further to do with the notes, unless it be to receive the sum due on any of them, any further than he may receive directions from the County Commissioners to compound with any persons who may be liable thereon, or to cancel the same, not according to the discretion of the treasurer, but on such terms as they shall direct.

If the Commissioners think it proper that payment shall be attempted to be enforced against parties liable on such notes, by suit or otherwise, the treasurer has no authority touching such matter, and they have not the power conferred by statute to direct the treasurer to sell and transfer the notes in *his* discretion; but they may order the county attorney to take such measures for their collection, as they deem expedient. And it does not appear that they can employ any other person than the prosecuting officer of the county to do this service.

The indorsement of these notes by the treasurer, and the delivery of the same to the plaintiff, under the attempted contract between them, was a proceeding not contemplated by the statute. The authority given to the county attorney afterwards, by the County Commissioners, " to take such legal measures for the collection of the county notes and securities as he shall judge expedient," was not a ratification of the acts of the treasurer in the indorsement and transfer of the notes to the plaintiff, and conferred upon him no authority to commence and prosecute a suit thereon in his own name. And the order, " that the county treasurer be also authorized

to compromise with the persons liable on such notes or securities, on such terms as the best interest of the county may require," did not make legal the indorsement and transfer already made to the plaintiff, so that the suit can be maintained. If the Commissioners had the power to pass such an order, it was quite unlike an order to the treasurer to make the indorsement and transfer, which he in fact made, by placing the notes in the plaintiff's hands for collection, with the understanding that he was to have twenty-five per cent. of the amount which he collected, and the county was not to be subjected to any costs or expenses in collecting the notes.

The power given to Commissioners, to authorize the treasurer to " compound" and " cancel" the notes as *they* shall direct, cannot be regarded as identical with the power to order to " compound on such terms as the best interest of the county may require."

The notes were placed in the plaintiff's hands, in a manner not provided for by the statute, and the transaction cannot be upheld. The information given to the treasurer, in a conversation with the chairman of the County Commissioners, that the board advised such a disposition of the notes, for reasons already given, was without effect.

It is insisted that the objections relied upon in the defence are legally of no avail, because the defendant, being at all events liable on the notes, is not prejudiced by the transfer thereof and a suit in the plaintiff's name. If no power to negotiate was given by the statute to the treasurer, the notes have never become the property of the plaintiff in any respect, and he cannot maintain the action. Again, the County Commissioners having, by the statute, the control of the notes, so far that they can compound or cancel them through the treasurer, according to such terms as they shall direct, or to order the collection by a public officer alone, the transfer to a stranger, whose interest would induce him to obtain from the notes all which he could, might be putting the maker in a position less favorable than that in which she would otherwise stand.

Bates *v.* Butler.

A part of each note is for the expense of the maker's board, while confined under sentence of imprisonment, aside from the subsequent confinement for the non-payment of the fine and costs. We find no authority in the statute to require promissory notes for such portion as a condition of discharge. This part of the sum for which the notes were given, can be ascertained with perfect certainty from the facts agreed.

It is insisted by the defendant, that the notes were given under duress of imprisonment, and that, therefore, the suit upon them cannot be maintained. If a man be lawfully imprisoned, and, either to procure his discharge, or on any other fair account, seals a bond or a deed, this is not by duress of imprisonment, and he is not at liberty to avoid it. 1 Black. Com. 136.

The defendant was lawfully imprisoned and the notes were taken for too large a sum. It does not appear that this was by means of any oppression on the part of the sheriff, but probably, under a misapprehension of the law by him and the defendant. She is not liable for the amount of the notes, which was for her board. But she would be liable in a suit properly instituted, for the balance, upon the facts agreed in the case. *Plaintiff nonsuit.*

APPLETON, CUTTING, MAY, GOODENOW, DAVIS, and KENT, J. J., concurred.