Lackland v. Garesche.

HENRY C. LACKLAND, Appellant, vs. ALEX. J. P. GARESCHE Garnishee of THOMAS F. SMITH, Respondent.

1. *Garnishment—Trust property not subject to.*—The statute touching garnishment is essentially legal and not equitable in its nature and procedure; and the rights, credits and effects in the hands of the garnishee which are subject to attachment are such as are not encumbered with trusts, and such as may be delivered over, or paid to the officer under the direction of the court, free from the encumbrances of a trust.

Where a conveyance in trust is made in fraud of creditors, a different rule prevails, for the instrument being void, the property is subject to attachment under simple law process.

*Appeal from St. Louis Circuit Court.*

*Lackland, Martin & Lackland, and H. C. Lackland,* for Appellant.

According to the trust, "the net proceeds" of the sale belonged to Smith absolutely. The fact that the garnishee held the net income in a fiduciary relation does not exempt him from charge. Under Curling vs. Hyde, (10 Mo., 374,) as soon as the court ordered a distribution of the fund held by the administrator, he became liable to garnishment. On this point see also Wagn. Stat., 664, § 3. After return day a sheriff holds the money for plaintiff alone, and may be garnished. (Marvin vs. Hawley, 9 Mo., 382.)

*N. Holmes,* for Respondent.

Garnishment in attachment is a proceeding at law, and reaches only to legal property of the defendant, and in the possession of the garnishee as his debtor, commissary or factor. (Garnishment Act, §§ 1, 4, 8, 1 Wagn. Stat., 1870, p. 664; Attachment act, §§ 18, 19, 23, 1 Wagn. Stat., 1870, p. 184-5; Skowhegan Bank vs. Farmer, 46 Me., 293-5; Parker vs. Esty, 19 Vt., 131, Redfield C. J.; Staunts vs. Raymond, 4 Cush., 314; Pratte vs. Scott, 19 Mo., 625; Lee vs. Tabor, 8 Mo., 322; Wood vs. Edgar, 13 Mo., 451.)

The possession of legal property of the defendant, or this legal indebtedness of the garnishee to the defendant, must be also in his individual and personal character, and not in

any representative character (as an administrator, a trustee, a sheriff and the like) ; and therefore it is, that such representative or official person cannot be garnished, until he has settled a balance, or the return day has come, and he has promised, or become liable personally to pay a given sum to a particular person, (even as the law stood before the recent statute to like effect). (Garnishment Act, § 3, 1 Wagn. Stat., 1870, p. 644; Matter of How, 9 Wend., 465, 9; Brooke vs. Cook, 8 Mass., 246; Ourling vs. Hyde, 10 Mo., 376; Richard vs. Griggs, 16 Mo., 416 ; Marvin vs. Hawley, 9 Mo., 382.)

It must be such a personal and legal liability as would support an action at law by the defendant himself against the garnishee. (Reagan vs. Pacific R., 21 Mo., 34; Firebaugh vs. Stone, 36 Mo., 111; Weil vs. Tyler, 38 Mo., 545; Hoyt vs. Swift, 13 Vt., 129.)

If this trustee had struck a balance with Thomas F. Smith, and found a certain sum due at a given date, and promised to pay, or became legally liable to pay that sum, then he might have been garnished for it; as was held in Nelson vs. Howard, 5 Md., 131; Cootrey vs. Leister, 12 Md., 124, but no such balance had been ascertained.

Purely equitable property, or equitable interests or estates, are not subject to garnishment under the statutes. (§ 18, 1 Wagn. Stat., p. 184.) The execution act (§ 16, 1 Wagn. Stat., p. 605,) provides, indeed, that "all real estate whereof the defendant, or any person for his use, was seized in law or equity," shall be "liable to be seized and sold upon attachment and execution," but this evidently refers only to the levy of the execution which is issued against the defendant in the attachment suit, and not to any process of garnishment. Garnishment under statute is a proceeding at law, not a proceeding in equity, and a purely equitable jurisdiction cannot be drawn into a court of law, in such a proceeding, to confound the distinct jurisdictions. (Van Winkle vs. McKee, 7 Mo., 437; Clark vs. Henry, 9 Mo., 339; Withers vs. Shropshire, 15 Mo., 631; Barnham vs. Hopkins, 17 N. H., 259;

Hoyt vs. Swift, 13 Vt., 129; Harrell vs. Whitman, 19 Ala., 135, 9; May vs. Baker, 15 Ill., 89; Perry vs. Thornton, 7 R. I., 15; Clarke vs. Farnum, 7 R. S., 174; Plunket vs. Huray, 4 Harring., 436; Johns vs. Thomas, 5 Harring., 419.)

ADAMS, Judge, delivered the opinion of the court.

This was an action by attachment, brought by the plaintiff against Thomas F. Smith, as a non-resident of this State, in which the defendant, Garesche, was summoned as garnishee. No other property or effects of the defendant, Smith, were attached, except such as were alleged to be held by the garnishee, Garesche, as trustee for the use of Smith. The property held in trust by Garesche consisted of several houses and lots in the city of St. Louis. The only interest to which Smith was entitled was the right, under certain terms and conditions, to receive the net income, during his life, arising from the rents and profits after payment of all expenses, such as taxes, insurance, repairs, etc. The nature and terms of the trust are manifested by a deed of conveyance, under which Garesche holds the title. According to a power in the original conveyance, Garesche had been substituted as the trustee in place of a prior trustee. For a full statement of the trusts of this conveyance, reference is made to the case of McIlvaine vs. Smith, *et al.* (42 Mo. 45); where it was held by this court that Smith had no interest in the realty, subject to sale under execution.

One of the issues raised by the pleadings was, that the conveyance under which Garesche held the trust property, was fraudulent and void as to the creditors of Smith; but this issue was entirely ignored at the trial. It was not referred to, nor was any attempt made at all, to attack the deed as being fraudulent as to creditors, and therefore, we shall treat this case as though no such issue was in it. Under this view, it was simply an attempt to draw an exclusive equity jurisdiction into a court of law, by means of the statutory process of garnishment in attachment suits. The court undertook to call a trustee of a pure express trust to account, and to enforce

the performance of his duties as trustee in a trial of an issue at law, by a jury, or by the court sitting as a jury, and proceeded to examine into the state of his accounts, so far as to ascertain, as the record shows, that the trustee was accountable at least for a sum larger than the plaintiff's demand, which had been reduced to a special judgment, in the attachment suit, and then ordered the amount of that judgment to be paid to the plaintiff by the garnishee. And as the garnishee failed to comply with this order, the court declared him a debtor of the plaintiff, and rendered a judgment against him, as upon a legal indebtedness due from him to defendant, Smith, and without any attempt to have a full and complete account taken and stated of the trust matters.

Although our code of practice has abolished all distinctions in the forms of actions for the enforcement or protection of private rights, and the redress or prevention of private wrongs, the line of demarkation between legal and equitable cases is still preserved and fully maintained by the Code. The pleadings develop the nature of the case, whether legal or equitable, and as thus presented, the court proceeds to hear and determine it, either as a court of law or of equity, according to the pleadings. The remedy by attachment for the collection of debts in this State, is essentially legal, and not equitable, in its nature and procedure. It is founded alone upon statutory law, and with few modifications, has been in existence as long as the State itself. It was in full force when the present code of practice was adopted, and it is safe to say that it has not been changed or essentially modified by that code. The whole tenor and scope of our attachment laws, so far as garnishees are concerned, indicate that they are intended to operate on legal property rights and effects of the debtor in the hands of the garnishee. The service of the garnishment operates as an attachment of such property in his hands. (1 Wagn. Stat., 184–5, §§ 18, 19, 23, and 664, §§ 1, 4, 7, 8.)

The issues on the answer of the garnishee are to be tried as ordinary issues between plaintiff and defendant. (1 Wagn. Stat., 666, 667, § 17). If it appear upon the trial that the gar-

nishee is possessed of property, effects or money of the defendant, the court or jury must find what property, etc., and the value thereof, and he may discharge himself by paying or delivering over the same to the proper officer under the order of the court, etc. (1 Wagn. Stat., 667, § 18). These provisions demonstrate that the rights, credits, and effects in the hands of the garnishee, are such as are not incumbered with trusts, and such as may be delivered over or paid to the officer under the direction of the court, free from the embarrassment of a trust. It must be borne in mind that this was a continuing express trust, to last at least for the life-time of the beneficiary, which has been drawn into a court of law, by way of garnishment, to compel the trustee to execute the trust in favor of a creditor of the beneficiary. In my judgment, it was not contemplated by the legislature to authorize a court of law, in a mere side issue growing out of an attachment suit, to exercise the intricate and complicated duties of a chancellor in the enforcement of purely equitable trusts. It is competent, under our statute, to summon a fraudulent assignee of property and effects, and compel him to disgorge in favor of a creditor. For when such issue is found in favor of the creditor, no trust exists, and the property or effects can be delivered over without any trouble, to satisfy the debt. So if there has been a settlement between a trustee of an express trust and his beneficiary, and a balance found to be due upon such settlement, it becomes a debt at law, and may be garnisheed. But nothing of that kind appears in this case. We do not say that the plaintiff is without remedy. (Pendleton vs. Perkins, 49 Mo., 565.) What we decide is, that if this trust was not fraudulent as to the creditors of Smith, the plaintiff has mistaken his remedy.

The judgment at General Term is affirmed. The other judges concur.