CLAPP and others *v.* DITTMAN and others.[1]

PERRY and others *v.* CORBY and another.[1]

(*Circuit Court, E. D. Missouri.* July 25, 1884.)

1. GENERAL ASSIGNMENT BY INSOLVENT DEBTOR — REV. ST. MO. § 354, CONSTRUED.

Where an insolvent debtor transfers all his property to a single creditor, under such circumstances that it is obvious that there is no intention of merely giving security, the transfer will be treated as an assignment in trust for the benefit of all his creditors, within the provisions of section 354 of the Revised Statutes of Missouri, regardless of the form of the instrument.

1 Reported by Benj. F. Rex, Esq., of the St. Louis bar.

2. SAME—POWER OF FEDERAL COURTS UNDER STATE STATUTE—PROCEDURE.

    Federal courts have authority to take possession of property so assigned, and dispose of it in accordance with the provisions of the state statute; and where a form of procedure is prescribed by the state statute, which may be pursued by the state courts of general jurisdiction, it may also be pursued in the corresponding federal courts.

3. SAME—REDUCTION OF CLAIM TO JUDGMENT UNNECESSARY.

    It is not necessary in such cases, to entitle a creditor to equitable relief in a federal court, that he should reduce his claim to judgment.


In Equity. Demurrers to bills.

Both bills allege an assignment by an insolvent debtor of all his assets to a single creditor, with the purpose of giving the assignee an undue preference over other creditors, and of hindering, delaying, and defrauding the latter. In the first case, the assignment was in the form of a chattel mortgage, but was not, it is alleged, intended to operate as such, but as an assignment. The complainants seek to have said conveyances declared assignments for the benefit of all creditors, within the meaning of section 354 of the Revised Statutes of Missouri, which provides that "every voluntary assignment of lands, tenements, goods, chattels, effects, and credits, made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor in proportion to their respective claims."

*G. Porter, W. D. Anderson,* and *McKeighan & Jones,* for complainants in the first case; and *Mills & Fletcraft,* for complainants in the second.

*Hugo Muench,* for defendants in the first case. *John D. Johnson* and *Smith P. Galt,* for defendants in the second.

BREWER, J. These cases were argued together. Both stand on demurrer to the bill. Both involve the same questions, and will therefore be disposed of by the same opinion. In them are presented three questions:

*First.* Where a debtor who is insolvent transfers all his property to a single party, and under such circumstances that it is obvious that there was no intention of merely giving security, and with the idea of paying the debt and reclaiming the property, must such transfer, no matter by what form of instrument, whether that of a chattel mortgage or otherwise, and whether made to the creditor directly or to a trustee, be treated as a general assignment, and for the benefit of all creditors? This question was fully considered by this court in the case of *Martin* v. *Hausman,* 14 FED. REP. 160, and after a full examination of the statutes of Missouri and the decisions of its supreme court, it was answered in the affirmative. The opinion in that case was written by Judge KREKEL, and was concurred in by my predecessor, Judge McCRARY. That opinion was followed in *Dahlman* v. *Jacobs,* 15 FED. REP. 863, in *Kellogg* v. *Richardson,* an unreported case in the Western district, and also, I am informed, in other cases in this court, as well as in some of the district courts of

the state. While, if this was a new question, I confess my own conclusions would be different, and in harmony with the decisions of *Nat. Bank* v. *Sprague,* 20 N. J. Eq. 28; *Farwell* v. *Howard,* 26 Iowa, 381; *Doremus* v. *O'Harra,* 1 Ohio St. 45; *Atkinson* v. *Tomlinson,* Id. 241; and other cases cited by counsel for defendants; yet I think there has been such a course of decision in this circuit as to establish the rule in the United States courts for this state in accordance with the opinion in *Martin* v. *Hausman, supra,* and until there be some authoritative construction of the statute by the supreme court of the United States, or of the state, I shall follow the rule laid down as above. I feel the more constrained to do this, as such a construction, securing an equal distribution of the property of an insolvent among all his creditors, is manifestly most just and equitable.

*Second.* It is insisted that if this instrument is to be treated as a general assignment under the statute for the benefit of all creditors, the state courts have exclusive jurisdiction; and that the remedy of the plaintiff was by citing the supposed assignee to appear in the state courts and distribute the property among all the creditors in accordance with that statute. This claim cannot be sustained. The mere fact that rights are created by virtue of a state statute, and proceedings made for the enforcement of those rights in the courts of the state, does not prevent a foreign creditor from asserting the same rights in the courts of the United States. The question here is not whether the federal courts can take possession of property already in the custody of the state courts, or whether they can supersede or interfere with any action of the latter, but whether, no action having been taken in the latter, the federal courts are without jurisdiction to enforce rights under the statutes of the state, and for which a special mode of procedure is prescribed. It must be borne in mind that the rights asserted in these cases are not wholly statutory. The transfer of property by assignment, bill of sale, or mortgage is a common-law right, and the statute only prescribes the effect of such a transfer by an insolvent; it does not create, but only regulates, the right. It is like that legislation which determines, as between the mortgagor and mortgagee, the right of possession, or which requires notice to give validity as against subsequent purchasers. So as to the procedure. Jurisdiction over the assigned property is by the statute given to the state courts. It could not well be otherwise. Methods of procedure are prescribed; but such is the case as to general rules of practice. The state law enacts them, and the federal courts follow them. There is nothing of a substantial character in the methods prescribed which makes it impossible for courts of general jurisdiction, like the circuit courts of the United States, to take possession of assigned property and dispose of it in accordance with the terms of the state statute. And where the question arises solely on the matter of procedure, as a rule I think it may be affirmed that if the proceeding is one which by the terms of the state statute may be pursued in the

state courts of general original jurisdiction, it may also be pursued in the corresponding federal courts. A mechanic's lien may be foreclosed in the federal courts. So, where proceedings for the condemnation of land and the assessment of damages therefor are taken, they are, as has been repeatedly held, removable to and triable in the federal courts. See, as bearing upon this general question, *Strong* v. *Goldman*, 8 Biss. 552; 2 Story, Eq. Jur. § 1057; *Lackland* v. *Garesche*, 56 Mo. 267. This is not the case of a naked statutory right, with a procedure for its enforcement, which is not adjustable to the ordinary processes and practices of the courts, and in which the right is limited by and enforceable only in the statutory remedy.

Finally, it is insisted that the plaintiffs, being only general creditors, and not having, as yet, reduced their claims to judgment, have no standing in a court of equity to enforce such claims as against these transfers. The opinion in the case of *Dahlman* v. *Jacobs, supra,* sustains this view, but the decision there was subsequently set aside in the same case. 16 FED. REP. 614. True, in this latter opinion, nothing is said as to the specific ground upon which the former was based, so that opinion was not expressly overruled; but in view of the decision of the supreme court of the United States in *Case* v. *Beauregard,* 101 U. S. 688, I am constrained to rule against the defendants on this proposition. In that case it was decided that "whenever a creditor has a trust in his favor, or a lien upon property for the debt due him, he may go into equity without exhausting his remedy at law." The first clause of this decision covers this case. The plaintiffs seek to charge the defendants, holding certain property as trustees for them and other creditors. The *gravamen* of the suit is the enforcement of a trust. Strike that out and nothing is left. And, in accordance with that decision, it must be held that a general creditor may, without reducing his claim to judgment, proceed in equity to charge one holding the property of his debtor received under such an assignment or transfer as a trustee for the benefit of creditors. *Ins. Co.* v. *Transp. Co.* 10 FED. REP. 596; *Same* v. *Same,* 13 FED. REP. 516; *Batchelder* v. *Altheimer,* 10 Mo. App. 181; *Holt* v. *Bancroft,* 30 Ala. 193; 1 Story, Eq. Jur. §§ 546, 547. These are all the substantial questions presented.

The demurrer must therefore be overruled, and defendants will have leave to answer by the September rules.