ROGER A. ATWOOD, Respondent, *v.* JOHN B. HALE and WILLIAM M. EADS, Garnishees of C. L. BRACKEN, Appellants.

### March 23, 1885.

1. GARNISHMENT—POSSESSION OF EFFECTS—PRIVITY OF CONTRACT.—It is a cardinal principle of the doctrine of garnishment that the garnishee must not only have the actual possession of the defendant's effects, but there must be—except, perhaps, in the instance of a fraudulent disposition of property—privity of contract and interest between the garnishee and the defendant, which would give

the defendant a right of action *at law* against him.—Waples on Attachments and Garnishments, 195; Freeman on Executions, sect. 160; Drake on Attachments, 485.

2. SAME—CHARACTER OF REMEDY—NATURE OF GARNISHMENT PROCEEDINGS.—The remedy by attachment for the collection of debts in this state is essentially legal, and not equitable, in its nature and procedure. It is founded alone upon statutory law, and, with a few modifications, has been in existence as long as the state itself. It was in full force when the present code of practice was adopted and it is safe to say that it has not been changed or essentially modified by that code. The whole tenor of our attachment laws, so far as garnishees are concerned, indicates that they are intended to operate on legal property, rights, and effects of the debtor in the hands of the garnishee.— Following *Lackland* v. *Garesche*, 56 Mo. 270.

3. SAME—CHARACTER OF POSSESSION—MUST BE ACTUAL AND SUBSTANTIAL.—Mere possession without authority, or derived from the defendant, directly or indirectly, to hold the property for him, might give the right of direct attachment, but would give the possessor no legal control over it, and no right to turn it over. The question is whether the actual and substantial possession is with the employe, or whether his relation to the property is merely of employment and service, while the real possession and control is with the owner or some other.

4. SAME—POSSESSION AS AGENT.—Where one has possession of mortgaged property as the agent of the mortgagee, to whom he is accountable, he is not chargeable as garnishee of the mortgageor. and for the obvious reason that the mortgageor has not intrusted or placed the property in his hands.

APPEAL from Carroll Circuit Court, HON. J. M. DAVIS, Judge.

*Reversed and remanded.*

Statement of case by the court:

In January, 1880, the defendant, Bracken, was the owner and in possession of a stock of goods in the town of Carrollton, Carroll county. On the 29th day of that month he executed a chattel mortgage thereon to one John Stricker, to secure to him a debt of $533.70; which said mortgage was duly acknowledged and put to record of same date. By the terms of the mortgage the mortgagee took immediate possession of the property, with a power to proceed to sell in the usual course of business,

to realize sufficient money to satisfy said debt, with the further provision, that if, at the end of ninety days, the sales had not amounted to sufficient to pay off the debt, etc., the mortgagee might, on ten days' notice, proceed to sell the goods at auction in order to pay off any balance of said debt. At the end of the ninety days action was accordingly taken to sell at auction. By consent of the mortgageor the goods were sold in bulk to Perkins & Brown for a sum sufficient to pay off said debt, and a sum in excess of about five hundred dollars. Hale & Eads, who then were practicing attorneys-at-law in said town, as the attorneys of Stricker, attended to the sale, and collected the purchase money from Perkins & Brown for Stricker, out of which Stricker received the balance of his debt, they retaining, as such attorneys, the residue of the purchase money.

At the time of the execution of the mortgage the firm of Wilcoxson & Co., creditors of Bracken, the mortgageor, had recovered a judgment against him for the sum of three hundred and thirty-five dollars, and costs taxed in the sum of $8.50. On the day of the execution of the mortgage, and after its admission to record, said Wilcoxson & Co. caused execution to issue on their judgment, under which the sheriff seized said goods. Thereupon Stricker gave the statutory notice to the sheriff of claim of property in said goods, and Wilcoxson & Co. at once gave to the sheriff the indemnifying bond as provided by statute. Then Stricker gave bond, as provided by statute, and retained the possession of the goods; after which he proceeded to sell as aforesaid.

At the date of said mortgage the plaintiff, Atwood, also had recovered judgment against Bracken, in a justice's court. After the sale of the goods under the mortgage, plaintiff sued out an execution on his judgment, under which the constable summoned Hale & Eads as garnishees, on the 9th day of March, 1880. They appeared and answered the usual statutory interrogatories, denying that they owed Bracken anything, or had any property or money of his, but setting up the facts sub-

stantially as already detailed, with the additional statement that no settlement had been made between the mortgageor and mortgagee, and that they did not know the state of accounts between them; and also the pendency of the suit touching the right of property between Wilcoxson & Co. and Stricker. During the pendency of the issues in garnishment, in December, 1880, the cause between Wilcoxson & Co. and Stricker came on for trial in the Carroll circuit court, and was decided in favor of Stricker; from which judgment Wilcoxson & Co. appealed to the supreme court. This record does not show whether or not the case on appeal has been determined in the Supreme Court.

In January, 1881, the plaintiff, Atwood, on the trial against the garnishees in the justice's court, recovered judgment for the sum of $91.70, with interest thereon from the 6th day of March, 1880, at the rate of ten per cent., and costs taxed at $5.40. From this judgment the garnishees prosecuted their appeal to the circuit court, where on trial, *de novo*, the plaintiff again recovered judgment in the sum of $100, with interest thereon from its rendition at the rate of *ten per cent.* and costs.

The case was tried in the circuit court without the intervention of a jury. The plaintiff asked no instructions. The defendant asked the following declarations. of law:

1. If said Hale & Eads received and held the money in question as the attorneys, and subject to order of John Stricker, the mortgagee, then said money or defendants is or are not subject to garnishment as the money or debt of the said C. L. Bracken.

2. If Stricker gave the bond returned with the execution of Wilcoxson & Co., and received the property in question, that is, the stock of goods from the sheriff, then said goods, or the proceeds thereof, to the extent of the Wilcoxson levy, was not subject to garnishment in this cause.

3. If said Stricker held the money in question under

the mortgage read in evidence, and no settlement had been made between him and Bracken, then he was not subject to garnishment for any money in his hands arising from the sale of the goods covered by the mortgage.

4. Hale & Eads can make the same defense to this garnishment that Stricker could make, if they held the money as his attorneys.

5. On the record in this cause the judgment should be for defendants.

6. Until a settlement is had between Bracken and Stricker and a balance ascertained to be in his hands belonging or due to Bracken, said money so remaining in his hands or that of his attorneys is not subject to garnishment.

All of which the court refused, except the fourth.

The garnishees bring the case here on appeal.

JNO. L. MERRICK, JAS. F. GRAHAM, and A. H. HALE, for the appellants.

I. The only question on the record is, whether the court erred in refusing the declaration of law asked by appellants, and in rendering the judgment for respondent on the facts as shown by the testimony.

1. The court erred in refusing the first declaration of law asked for appellants. It is clear that Hale & Eads held the money in controversy as the attorneys, and subject to the order of Stricker, and were responsible to him therefor and not to Bracken. Bracken could call on Stricker for an account of his trust, and there was no contract or privity between Hale & Eads and Bracken.

2. The court erred in refusing the second declaration of law asked by defendants. The property was in the custody of the law; it was received by Stricker under judicial process, and could not be seized under other judicial process. Stricker's custody in the property was substituted for that of the sheriff.—*Bates Co. Bank* v. *Owen et al.*, 79 Mo. 429.

3. The court erred in refusing the third and sixth instructions. The transaction between Bracken and

Stricker constitutes a trust. What claim Stricker may have against Bracken, growing out of the trust, does not appear from the testimony.

II. Could Bracken have sued Hale & Eads and recovered the alleged balance in their hands? If he could not, then the garnishment cannot be sustained.— *Weil* v. *Tyler*, 38 Mo. 545; *Scales* v. *Southern Hotel Co.*, 37 Mo. 520; *Weil* v. *Tyler*, 43 Mo. 581; *Lackland* v. *Garesche*, 56 Mo. 267; *Sheedy* v. *Second Nat. Bank*, 62 Mo. 17; *McPherson* v. *A. & P. R. R. Co.*, 66 Mo. 103.

SHEWALTER & SEBREE, for respondent.

I. The surplus proceeds of the mortgaged property in the hands of Hale & Eads was purely legal property. After they had paid Stricker his debt, the mortgaged property, as well as the proceeds, was entirely divested of any trust which the mortgage deed may have imposed upon it.—*Casebott* v. *Donaldson*, 67 Mo. 308; *Lackland* v. *Garesche*, 56 Mo. 270; Drake on Attachment, 1st ed., pp. 453 and 521; *Webb* v. *Peal*, 7 Pick. 247; *Hearn* v. *Crutcher*, 4 Yerger (Tenn.) 461.

II. Bracken, defendant in the execution and mortgageor, had no such interest in the property mortgaged as made it subject to levy and sale, and the proceeds of the sale is in the same condition. Nothing short of an equitable proceeding could attach a valid claim to it.— *Hendricks* v. *Robinson*, 2 Johns. Ch. R. 283; *McDermott* v. *Strong*, 4 Ib. 687; *Foster* v. *Potter*, 37 Mo. 529.

III. The money in the hands of Hale & Eads was subject to garnishment.—Rev. Stat., 1879, sects. 2520 and 2543 and notes. Consequently appellant's first and second instructions were properly refused.—Drake on Attach., 2d ed., p. 515.

IV. Litigation between Stricker and Wilcoxson cannot increase the amount of Bracken's debt to them. Neither can they attach any lien to the property as costs or otherwise. Even advances by the parol consent of the mortgageor cannot be tacked on the mortgage debt.— *O'Neill* v. *Cappell*, 62 Mo. 203; *Hughes* v. *Worley*, 1 Bibb (Ky.) 200.

V. Appellants' third instruction was properly refused, because no settlement was necessary between Bracken and Stricker, the latter having no claim against Bracken except the amount secured by the mortgage, and that was discharged before appellants were garnished.

VI. Appellants' fourth and fifth instructions were properly refused, the positions therein assumed being untenable. There was no evidence justifying the sixth instruction.

VII. There are no errors in this record materially affecting the rights of appellants.—Rev. Stat., 1879, sect. 3775. There was no evidence in this case which would justify the giving of any of the instructions prayed for by appellants.

Opinion by PHILIPS, P. J.

I. The judgment in this case cannot stand, if for no other objection, because it awards ten per cent. interest from date of its rendition. We know of no statute authorizing a rate of interest on a judgment against a garnishee, different from that in other judgments at law. The statute (Rev. Stat. sects. 2723, 2725) prescribes the rate of interest in this instance as not exceeding six per cent. Had either Bracken or Stricker recovered judgment against Hale & Eads for the money in their hands, the judgment would not have borne over six per cent. interest. It is too well established to require any citation of authorities that the attaching creditor or execution plaintiff can have no greater judgment against the garnishee than the defendant himself could have recovered had he sued his debtor

II. Counsel have discussed mainly the questions of the right to garnish attorneys, and whether or not the money in the hands of Hale & Eads, being the proceeds of the mortgaged property retained on delivery bond in contro versy with Wilcoxson & Co., was not in *custodia legis*, and, therefore, not subject to a further seizure. But it occurs to me there is a question, lying at the very thresh-

old of this controversy, which presents an insuperable barrier to the plaintiff's recovering. If Stricker, who suffered the money to remain in the hands of his attorneys, were the defendant in execution, the right may be conceded of the plaintiff to garnish money in the hands of his attorneys or agent. But Stricker, their client and principal, is not the defendant; he is not even a party to this record.

It may also be conceded, for the purposes of this inquiry, that Stricker might have been garnished as the debtor of Bracken, the execution defendant, for there was a privity of contract and interest between them. But is there any privity of contract and interest between Bracken and Hale & Eads?

It is a cardinal principle of the doctrine of garnishment that the garnishee must not only have the actual possession of the defendant's effects, but there must be, except, perhaps, in the instance of a fraudulent disposition of property, privity of contract and interest between the garnishee and the defendant, which would give the defendant a right of action *at law* against him.—Waples on Attach. & Gar. 195; Freeman on Ex. sect. 160; Drake on Attach. 485.

Unless especially extended in its scope by statutory provision, garnishment is essentially a proceeding at law. It is "designed mainly to reach the *legal* assets in the hands of third persons, or to intercept *legal* credits owing to the defendant, and compel their payment to the plaintiff."—Freeman, Ex., 159. So Adams, J., in *Lackland* v. *Garesche* (56 Mo. 270), said: "The remedy by attachment for the collection of debts in this state is essentially legal, and not equitable in its nature and procedure. It is founded alone upon statutory law, and, with a few modifications, has been in existence as long as the state itself. It was in full force when the present code of practice was adopted, and it is safe to say that it has not been changed or essentially modified by that code. The whole tenor of our attachment laws, so far as garnishees are concerned, indicates that they are intended to operate

on legal property, rights, and effects of the debtor in the hands of the garnishee.''

In this respect there is no distinction between the trustee process under execution and an attachment writ.

We are unable to discover any privity of contract between Bracken and these garnishees. Between them there was no contract, express or implied. There was no privity of interest. The garnishees owed him nothing which he could enforce at law. They held the money in question as the attorneys, the mere naked depositaries, of Stricker, subject, at any and all times, to his call and order. They neither had nor claimed any interest in it, and were answerable, without condition, to their principal for this money.

''Mere possession, without authority, or derived from the defendant, directly or indirectly, to hold the property for him, might give the right of direct attachment, but would give the possessor no legal control over it, and no right to turn it over.''—Waples, Attach. & Gar. 194. As is suggested in many decisions, as well say that the hotel keeper in charge of a guest's trunk or pocket-book for the night, or the hirer of a livery horse, or the groom in charge of his master's horse and carriage, are liable to garnishment at the hands of a creditor of the hotel keeper, the livery man, or the owner of the horse and vehicle, as to claim that these garnishees are liable, simply because of their naked possession of a trust fund.

As is aptly said in *McGraw* v. *Mem. & O. R. R.* (5 Cold. 434), the question on inquiry is, whether the actual and substantial possession is with the employe, or whether his relation to the property is merely of employment and service, while the real possession and control is with the owner or some other.

The possession of Hale & Eads, the mere servants and depositaries, was, in law, the possession of Stricker. Had Stricker been garnished for this money it would have been no ground for discharge for him to have answered, that the money was in possession of his attorneys which he voluntarily permitted them to hold for him. ''What

his agent holds, he holds; and he is amenable to the process, in a suit against the defendant owner. This is apparent in consideration of the fact that those who hold under him and for him are not garnishable because of such possession in a suit against their immediate principal, for the manifest reason that the funds are not his." —Waples, Attach. etc., 201. This carries the doctrine farther than is necessary for the purposes of this case.

If in fact and law, Stricker was amenable to garnishment, either as the debtor, or as having in his possession, or under his control, the money of the defendant, Bracken, it must follow that Hale & Eads were not, for there was no community of indebtedness or joint possession of the money.

In *Showhegan Bank* v. *Farrar* (46 Me. 393), it is held, *inter alia*, that in order to constitute the relation of trustee (garnishee) there must be privity of contract, expressed or implied, between the principal debtor and the trustee, or the former must have intrusted and deposited goods and effects with the latter. There was, as we have already said, no contract between Bracken, the principal debtor, and the garnishees, nor did Bracken intrust or leave with them any effects. The case last cited further holds, that where one has possession of mortgaged property as the agent of the mortgagee, to whom he is accountable, he is not chargeable as garnishee of the mortgageor; and for the obvious reason that the mortgageor has not intrusted, or placed the property in his hands. "The trustee held the property mortgaged as the agent of the mortgagee, and is accountable to him." In *Gould* v. *Newburyport R. R. Co.* (14 Gray, 472), Merrick, the consignee of goods which were transported over two connecting railroads, was garnished by the creditor of the company from which he received the goods, for the freight money of the first railroad. The court say: "The sum of $63.49 was due from Merrick to the Boston and Maine Railroad, and not to the Newburyport Railroad Company, and was received by the latter for the former, and as their agents." He was therefore discharged.

Redfield, J., in *Barker* v. *Esty* (19 Vermt. 131), says: "It has never been considered that it (the trustee process) extended to any other class of debtors, or demands, than such as are the ordinary result of contract, creating a fiduciary relation. It is the *fidei commissarius* of the civil, and the factor of the common law." And Wilde, J., in *Staniels* v. *Raymond* (4 Cush. 316), held that the mere possession of property by a party having no claim to hold it against the owner, cannot render him liable therefor as garnishee.

In *Penniman* v. *Ruggles* (6 N. H. 166), the sheriff had attached goods of the defendant debtor, and placed them in the hands of an auctioneer to sell. The auctioneer, after the sale and while the money was yet in his hands, was summoned as garnishee of the defendant. The court held he was not liable, "as there was no privity between him and the defendant, and that he should account to the officer who employed him." So here, the mortgagee intrusted the conduct of the sale to his attorneys, who, after the sale and while the proceeds were in their hands as such agents and servants, were not amenable to garnishment at the instance of a creditor of the mortgageor. Their plain duty was to account to the mortgagee who employed or trusted them. A further difficulty occurs to my mind in upholding this judgment. In the proceeding by garnishment, when the garnishee is summoned and comes into court, both the creditor plaintiff and the debtor defendant are in court. All the parties whose interests are to be affected by the judgment are before the court, with the right to be heard, and all are concluded by the judgment. But in the case at bar, Stricker, the mortgagee and principal of the garnishees, is not in court. And yet, in his absence, under the trustee process, a naked proceeding at law, the court undertook to determine that Stricker's mortgage was satisfied, that there was no accounting to be had between him and his attorneys and the mortgageor, that the money in question was subject to no equities or set-offs, and that the agents and depositaries of the absent mortgagee

should be discharged from any accountability to him to the extent of $100. In short, the plaintiff undertook, by the process of garnishment, to follow up the proceeds of the trust fund, and to reach a residuary interest therein in the hands of a stranger to his debtor. "Garnishment, whether made under an attachment or under an execution, is a legal and not an equitable proceeding."—Freeman, Executions, par. 162; *Lackland* v. *Garesche, supra,* 267.

The action was misconceived; and it follows that the judgment of the circuit court should be reversed and the cause remanded, with directions to the circuit court to discharge the garnishees. It is accordingly so ordered. All concur.