**CITY OF PORTLAND**

v.

**GEMINI CONCERTS, INC.**

Supreme Judicial Court of Maine.

Argued June 19, 1984.

Decided Sept. 6, 1984.

Charles A. Lane (orally), Portland, for plaintiff.

Preti, Flaherty & Beliveau, Mary P. Mitchell (orally), Harold J. Friedman, Daniel Rapaport, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Gemini Concerts, Inc. (Gemini), appeals from a judgment of the Superior Court (Cumberland County) affirming a summary judgment of the District Court (Portland) entered in favor of the plaintiff, the City of Portland, on the City's complaint for breach of contract. Gemini argues on appeal that the District Court erred in the following respects: (1) by refusing to grant an enlargement of time to remove the case to the Superior Court; (2) by entering summary judgment when there existed a genuine issue as to a material fact; and (3) by failing to make findings of fact and conclusions of law pursuant to a request under M.D.C.Civ.R. 52. The plaintiff cross-appeals from that portion of the Superior Court judgment affirming the District Court's vacating of an earlier default judgment entered against the defendant. We deny both the appeal and the cross-appeal.

## I.

On August 4, 1981, the City of Portland commenced this action alleging that the defendant breached an agreement to rent the Portland City Hall Auditorium for the production of the show "Beatlemania" during the week of February 17, 1981. The plaintiff alleged that $5,446.70 was still owing under the contract.

When the defendant failed to file an answer within the time prescribed by M.D.C. Civ.R. 12(a), a default judgment was entered. On November 4, 1981, Gemini obtained relief from that judgment and its answer and counterclaim alleging breach of contract were accepted by the District Court. Because the defendant's counterclaim exceeded the $20,000 jurisdictional limit of the District Court, see 4 M.R.S.A. § 152(2) (Supp.1982–1983), amended by P.L.1983, ch. 275, Gemini filed a motion on January 27, 1982 for enlargement of time in which to file notice of removal to the Superior Court. When that motion was denied, the defendant dismissed its counterclaim and instead instituted a separate action in the Superior Court.

On October 25, 1982, the plaintiff filed a motion for summary judgment. After hearing, the District Court granted the motion and entered judgment in the amount of $5,446.70 plus interest and costs. The defendant moved for findings of fact and conclusions of law. The motion was denied and Gemini filed a timely notice of appeal to the Superior Court. The plaintiff cross-appealed.

The Superior Court denied both appeals and affirmed the judgment of the District Court. Both parties appeal from the Superior Court judgment.

## II.

■ On this appeal, we review directly the action of the District Court. When the Superior Court acts as an intermediate appellate court, we review the initial adjudication and not the decision of the Superior Court. *Emery v. Emery*, 476 A.2d 193 at 195 n. 1 (Me.1984); *Rubin v. Josephson*, 478 A.2d 665 at 667 n. 2 (Me.1984); *Williams v. Williams*, 444 A.2d 977, 978–979 (Me.1982).

The defendant first argues that the District Court erred in denying its motion for enlargement of time within which to file

notice of removal to the Superior Court. We find no error.

Pursuant to M.D.C.Civ.R. 73(b), a party must file a notice of removal within the time for serving his answer to the claim asserted against him. In the present case, the complaint was served on July 20, 1981. Neither the answer, the counterclaim, nor the notice of removal were filed within the twenty days allowed by M.D.C.Civ.R. 12(a). The motion for enlargement of time within which to file notice of removal was not filed until January 27, 1982—more than five months after the time permitted by the rules for the filing of notice of removal and nearly twelve weeks after the District Court vacated the default judgment and accepted the defendant's answer and counterclaim.

Gemini nevertheless argues that it should have been permitted to remove the action against it. It relies on M.D.C.Civ.R. 6(b) which provides in pertinent part:

> *Enlargement.* When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ....

■ We have previously stated that the standard of "excusable neglect" is a strict one. *Haskell v. Phinney,* 460 A.2d 1354, 1360 (Me.1983); *Estate of Everett,* 460 A.2d 1026, 1029 (Me.1983); *Givertz v. Maine Medical Center,* 459 A.2d 548, 555 (Me.1983). The determination whether neglect in a particular case is excusable is left to the sound discretion of the motion justice. *Sevigny v. City of Biddeford,* 344 A.2d 34, 38 (Me.1975). His ruling will be reviewed only for abuse of discretion or error of law. *Id.*

■ The defendant alleges no special facts in support of its contention that its failure to file a motion to remove within the time prescribed by Rule 73(b) should be excused. The motion merely states (1) that the defendant has a counterclaim exceeding the jurisdictional limit of the District Court; (2) that in the interest of judicial economy, the plaintiff's complaint and the defendant's counterclaim should be heard at the same time by the same court; and (3) that there will be no delay in removing the case to the Superior Court. The District Court did not abuse its discretion by concluding that these facts are insufficient to establish "excusable neglect" and committed no error by denying the motion.

### III.

The defendant next argues that summary judgment was improper because there existed genuine issues of material fact. Gemini contends that there was a factual issue as to duress and thus whether a valid contract existed. Alternatively, it asserts that the plaintiff breached the contract by not permitting Gemini to sell tickets through the box office at City Hall in accordance with industry practice, thereby raising a factual question as to the amount owed by the defendant.[1] Both arguments are without merit.

■ At early common law, two classes of duress were recognized: (1) duress by unlawful imprisonment, *see Bates v. Butler,* 46 Me. 387 (1859); *Soule v. Bonney,* 37 Me. 128 (1854); and (2) duress *per minas* or by threats, *see Flynt v. J. Waterman Co.,* 123 Me. 320, 122 A. 862 (1923); *Knowlton v. Ross,* 114 Me. 18, 95 A. 281 (1915). *See generally* 25 Am.Jur.2d *Duress and Undue Influence* §§ 3, 4, 10 (1966). Duress *per minas* arose only when a person was threatened with loss of life, loss of limb, mayhem, or unlawful imprisonment. *Harmon v. Harmon,* 61 Me. 222 (1873). The courts have broadened the con-

---

1. Gemini also argued in its appeal to the Superior Court that its employee who executed the agreement had no authority to do so. The de- fendant now concedes that such authority existed.

cept of duress over the years, *see e.g., Dwinel v. Barnard,* 28 Me. 554 (1848) (duress of goods), and today many jurisdictions recognize the doctrine of economic duress or business compulsion—threatened injury to business, *e.g., Frank Culver Electric Inc. v. Jorgenson,* 136 Ariz. 76, 664 P.2d 226 (1983); *Chesire Oil Co., Inc. v. Springfield Realty Corp.,* 118 N.H. 232, 385 A.2d 835 (1978); *Continental Bank of Pennsylvania v. Barclay Riding Academy, Inc.,* 93 N.J. 153, 459 A.2d 1163 (1983); *805 Third Ave. Co. v. M.W. Realty Assoc.,* 58 N.Y.2d 447, 461 N.Y.S.2d 778, 448 N.E.2d 445 (1983); *Wurtz v. Fleishman,* 97 Wis.2d 100, 293 N.W.2d 155 (1980). We have never had occasion to consider whether the doctrine of business compulsion is recognized in Maine. Assuming, without deciding, that the doctrine is viable in this State, we hold that the defendant has failed to set forth facts that support its legal theory and the District Court did not err by entering summary judgment in the plaintiff's favor.

The basic concept of the doctrine of business compulsion is the same as the forms of duress previously recognized in this jurisdiction—wrongful acts or threats which subvert the will of the threatened party. *See generally* S. Williston, *A Treatise on the Law of Contracts* § 1617 at 704 (3d ed. 1970). Actions which are not wrongful cannot result in duress:

> Whenever a party to a contract seeks the best possible terms, there can be no rescission merely upon the grounds of "driving a hard bargain." Merely taking advantage of another's financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion.

*Id.* at § 1617 at 708 (footnote omitted).

█ The coercive pressures which impelled Gemini to execute the contract were caused by the combination of two actions. First, the City of Portland demanded that its standard rental agreement be signed before it would permit the use of the City Hall Auditorium. Second, during the negotiating stage and prior to the execution of the rental agreement, Gemini made unilateral decisions to enter into agreements with its performers, commence advertising, and print tickets. Under time pressures of its own creation, Gemini ultimately had no reasonable alternative but to execute the contract on terms it considered less than favorable. Gemini alone created the circumstances that compelled it to sign the agreement and the facts which it alleges fail to demonstrate any wrongful conduct on the part of the City of Portland. To be a genuine issue of material fact within the meaning of Rule 56(c), a defense must have some tenable basis. *Farrell v. Theriault,* 464 A.2d 188, 193 (Me.1983). Because Gemini was unable to set forth adequate specific facts to support its defense, summary judgment was not precluded. See M.D.C.Civ.R. 56(e).

The defendant also argues that summary judgment was improper because there existed a question of fact as to the amount of money owed to the plaintiff. Gemini does not assert that the $5,446.70 found owing to the City under the rental agreement is an incorrect calculation of the sum due. Instead, it contends that a trade usage, the custom that promotors have the use of the box office to sell tickets, supplemented the contract, and the plaintiff's failure to abide by that usage caused Gemini economic loss which must be set off against the $5,446.70. Gemini, however, has voluntarily dismissed its counterclaim alleging such a breach of contract, recognizing that it exceeded the jurisdictional limit of the District Court. The defendant cannot assert that a genuine issue of material fact exists as to an issue that no longer is present in the case.

## IV.

█ Finally, the defendant asserts that the District Court erred in denying its motion for findings of fact and conclusions of law. We disagree.

M.D.C.Civ.R. 52(a) explicitly provides that:

> Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 50.[2]

The motion for findings thus was addressed to the discretion of the District Court. *Conger v. Conger,* 304 A.2d 426 (Me.1973). On this record, we discern no abuse of discretion.

Because we affirm the summary judgment we do not address the issues presented in the plaintiff's cross-appeal.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** M.D.C.Civ.R. 50 directs the court to make findings and conclusions upon request after granting a motion for judgment made after the plaintiff has completed the presentation of his evidence. This exception is not applicable to the present case.