STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-27

REPUBLICASH, LLC,                  )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    ORDER
                                   )
BARBARA SANBORN,                   )
                                   )
            Defendant.             )

Before the Court is Appellant RepubliCash, LLC's ("RepubliCash") appeal of a District

Court judgment on June 21, 2022. For the reasons set forth herein, the appeal is GRANTED.

**FACTUAL BACKGROUND**

RepubliCash operates a check cashing business. On April 12, 2021, RepubliCash filed an

action in the District Court (Portland, *Darvin, J.*), seeking to recover the proceeds of a $1,200

check it had cashed on March 2, 2021 for Derek Cote. Cote had received the check from Appellee

Barbara Sanborn in exchange for his services power washing her house. Sanborn's daughter saw

the payment while reviewing her mother's checkbook and became suspicious that Cote was

soliciting payment for unnecessary services from her elderly mother and neglecting to perform

them. She assisted Sanborn in contacting her bank to stop payment on the $1,200 check.

RepubliCash was thereby denied payment of the funds by Sanborn's bank.

The District Court held a hearing on March 17, 2022. It entered judgment in favor of

Sanborn on June 21, 2022. The District Court found that although RepubliCash was a holder in

due course, it could not recover against Sanborn because the check was obtained through duress

or fraud in the inducement. RepubliCash filed this appeal on July 15, 2022, arguing that the District

REC'D CUMB CLERKS OFC
MAR 1 '23 AM9:50

1

exercising the persuasion, and who then acts in a manner inconsistent with his or her welfare as a result of the coercion." This is the definition of undue influence. *Rich v. Fuller*, 666 A.2d 71, 76 (Me. 1995). By contrast, duress occurs when wrongful acts or threats "subvert the will of the threatened party." *Portland v. Gemini Concerts, Inc.*, 481 A.2d 180, 183 (Me. 1984); *see also Duress*, Black's Law Dictionary (11th ed. 2019) (defining duress as a threat of harm that "practically destroys a person's free agency").

Although duress comes in many forms, only those forms that render a negotiable instrument void will serve as a defense against a holder in due course. If the instrument is only voidable, the defense is unavailable. 11 M.R.S. § 3-1305 cmt. 1 ("If under [local] law the effect of the duress...is to make the obligation entirely null and void, the defense may be asserted against a holder in due course. Otherwise it is cut off."). Official comment 1 suggests that threats to life or limb will render an instrument void, whereas threats to rights or property may only render it voidable. *Id.* ("Duress...is a matter of degree. An instrument signed at the point of a gun is void, even in the hands of a holder in due course. One signed under threat to prosecute the son of the maker for theft may be merely voidable, so that the defense is cut off."). Thus, the first issue on remand is whether Cote's wrongdoing subverted Sanborn's will to the extent that the check she signed is void on the basis of duress.

**Fraud**

In finding that Cote took advantage of Sanborn, the District Court applied the doctrine of fraud in the inducement. Fraud in the inducement only renders a negotiable instrument voidable, not void. *Langley v. F.D.I.C.*, 484 U.S. 86, 94 (1987). Only fraud in the factum is "effective against a holder in due course." 11 M.R.S. § 3-1305 cmt. 1. Fraud in the factum is "the sort of fraud that procures a party's signature to an instrument without knowledge of its true nature or contents."

3

*Langley*, 484 U.S. at 93. This defense "extends to an instrument signed with knowledge that it is a negotiable instrument, but without knowledge of its essential terms." 11 M.R.S. § 3-1305 cmt. 1. Thus, the second issue on remand is whether Sanborn signed the check without knowledge of its nature or its essential terms.

**Entry is:**

The District Court's judgment is vacated. This matter is Remanded to the District Court for proceedings consistent with this opinion. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 2/28/23

_____
John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 3/03/2023

Entered on the Docket: 3/3/2023

4