MICHAEL A. WERNHAM, Respondent, v PAUL MOORE, JR., as President of the Board of Managers of the Episcopal Mission Society in the Diocese of New York, et al., Appellants.

First Department, November 6, 1980

APPEARANCES OF COUNSEL

*Martin H. Zuckerman* of counsel *(Ernest J. Collazo* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for appellants.

*Sandra B. Durant* and *Jonathan A. Weiss* for respondent.

OPINION OF THE COURT

MURPHY, P.J.

■ Upon this motion to dismiss for legal insufficiency, the complaint must be deemed to allege whatever can be implied from its statements by fair intendment. If the plaintiff is entitled to recover in any aspect upon the facts stated, the complaint is legally sufficient *(Howard Stores Corp. v Pope,* 1 NY2d 110, 114). In deciding the motion, the copies of the Episcopal Mission Society (Society) manuals appended to the complaint must be considered part thereof (CPLR 3014).

Plaintiff alleges in the complaint that his employment with the Society began in 1967. In 1968, he purportedly became a "permanent employee" of the Society. In January of 1974, he was promoted to supervisor of the Society's first group home, Ebbets Field. On September 5, 1978, the plaintiff avers that he was terminated without just cause. On that date the Society had terminated his employment because the group home had been left unattended at a time when plaintiff could not be contacted by telephone. Plaintiff asserts, *inter alia,* that he was then on authorized leave over the Labor Day weekend. Therefore, he maintains that his dismissal was without just cause.

Essentially, the plaintiff asserts that the Society and the directors did not follow the procedures set forth in the Society's manuals in discharging him. In particular, section 2 of article II, of the Manual of Personnel Practices provides: "Section 2—The Society reserves the right to dismiss any employee for incompetence, misconduct, failure to perform his duties, or other just cause." Section 9 of the "Personal Practices" in the Manual for Group Home Staff also provides: "(9) Suspension and/or termination of em-

ployment shall occur when a worker is found incapable of working either because of misconduct, incompetence, or failure to perform duties adequately. In all cases except major violations, the worker will receive at least one written warning of his/her precarious situation. A meeting should be held to discuss the implications of this warning."

As the plaintiff mentions in his brief, the Society is required to publish the manuals in compliance with the regulations of the Department of Social Services (18 NYCRR 441.4). Hence the plaintiff reasons that the criteria and procedure for discharging an employee of the Society must be enforced by this court. It is his basic contention that the Society's action in this matter constituted "State action" rather than merely the private action found in earlier cases in this department. *(Chin v American Tel. & Tel. Co.*, 96 Misc 2d 1070, affd 70 AD2d 791, lv to app den 48 NY2d 603; *Edwards v Citibank, N.A.*, 100 Misc 2d 59, affd 74 AD2d 553.)

In discussing the area of "State action", the Court of Appeals has made the following relevant remarks *(Sharrock v Dell Buick-Cadillac*, 45 NY2d 152, 158): "Purely private conduct, however egregious or unreasonable, does not rise to the level of constitutional significance absent a significant nexus between the State and the actors or the conduct (see Civil Rights Cases, 109 US 3, 11). This nexus has been denominated 'State action' and is an essential requisite to any action grounded on violation of equal protection of the laws or a deprivation of due process of law. Further, it is settled that where the impetus for the allegedly unconstitutional conduct is private, the State must have 'significantly involved itself' in order for that action to fall within the ambit of the Fourteenth Amendment *(Reitman v Mulkey*, 387 US 369, 380)." Consequently, even though a private institution is subject to State financial support and regulation, the institution's action in dismissing an employee is not necessarily "State action". (See, e.g., *Mulvihill v Julia L. Butterfield Mem. Hosp.*, 329 F Supp 1020.)

In enforcing the subject regulations, the record indicates that the Department of Social Services sent a mem-

orandum to the Society stating, *inter alia,* that the Society's written policies and procedures did not include all the required areas such as "discharge criteria and procedure" (18 NYCRR 441.4). Under the broad powers given to the department under 18 NYCRR 441.4, the Society and other child-care agencies can properly be directed to set criteria and procedures for discharging an employee. Despite this intervention by a State agency, a factual question is still presented as to whether a "significant nexus" is created between the Society and the State as a consequence of the subject regulations. This matter should not be decided upon a motion addressed to the legal sufficiency of the complaint. It should be decided upon a motion for summary judgment or at trial after all pertinent factors have been developed and considered *(Sharrock v Dell Buick-Cadillac, supra,* at p 158). At this early stage, the complaint must be read as legally sufficient insofar as it alleges (i) "State action" on the part of the Society and (ii) the Society's breach of its procedural duties in discharging the plaintiff without just cause and without a hearing.

The plaintiff also attempts to show that the complaint is sufficient on a distinct ground. In a footnote in his brief, the plaintiff points to the foreword to the Manual of Personnel Practices. The foreword states: "The writing of the Manual has taken much thoughtful work on the part of the administrative staff, the Staff Council, and the Personnel Committee of the Board." It is the plaintiff's contention that, since the staff council had input into the manual, its contents reflect a negotiation and bargaining process between the Society and the employees. Plaintiff again tries to distinguish the *Chin* and *Edwards* cases *(supra),* by emphasizing that the manuals in those cases were unilaterally promulgated by the respective employees.

It is possible that a separate agreement, such as a collective bargaining agreement, may modify the terms of a contract of employment that is otherwise terminable at will (cf. *Parker v Borock,* 5 NY2d 156, 159). If the plaintiff wishes to recover on the theory that the terms of the manuals represent a bilateral arrangement reached with the Society, then it should so state that fact with specificity

and clarity in the complaint. At present, the complaint does not state this basis for relief. If so advised, the plaintiff should seek leave at Special Term to amend the complaint to reflect this theory of recovery.

For the reasons stated, the order of the Supreme Court, New York County (MYRIAM ALTMAN, J.), entered March 13, 1980, should be affirmed, without costs.

KUPFERMAN, BIRNS, LUPIANO and YESAWICH, JJ, Concur.

Order, Supreme Court, New York County, entered on March 13, 1980, affirmed, without costs and without disbursements.