■ 805 THIRD AVE. Co., Respondent, v M.W. REALTY ASSOCIATES, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Tyler, J.), entered October 6, 1981, which, *inter alia,* granted preliminary injunctive relief to plaintiff-respondent 805 Third Avenue Co., (805) against defendant-appellant M.W. Realty Associates (MWR) and denied MWR's cross motion to dismiss the complaint, modified, on the law, motion for preliminary injunction denied and preliminary injunction vacated, cross motion to dismiss complaint granted, and otherwise affirmed, without costs. Appeal from orders of Supreme Court, New York County (Tyler, J.): (1) entered July 16, 1981, which continued the temporary restraining order then in effect pending determination of the motion for a preliminary injunction; and (2) entered June 23, 1981, which continued the original restraining order against MWR to the extent of preventing it from enforcing rights under a modification of purchase and escrow agreement dated July 7, 1980, dismissed as academic, without costs. 805 is the ground lessee under a 99-year lease of premises covering the entire blockfront between 49th and 50th Streets on Third Avenue, New York City, except for a two-story building on the northeast corner of 49th Street and Third Avenue owned by MWR. 805 proposed to construct an office building on the leased blockfront and, in order to lawfully increase the permitted floor area by five stories, negotiated a purchase and escrow agreement by which MWR agreed to convey to 805 its excess zoning rights (i.e., its "air rights", etc.) in order to combine the MWR premises with the 805 premises into a single "zoning lot". An initial cash escrow, a promissory note, a declaration of zoning lot restrictions and a single zoning lot and easement agreement were executed simultaneously with the purchase agreement and were held in escrow. The "Declaration" and "Lot Agreement" were required in order to secure a permit to continue construction. The purchase agreement set forth certain conditions precedent for the delivery of these documents either prior to or on the sales closing date. MWR declined to deliver the documents when requested by 805 on the ground that the conditions precedent had not been met. MWR also demanded the full balance on the note, since it claimed that the sales closing date had passed and 805 had defaulted, pursuant to the purchase agreement. The parties then negotiated a modification to the purchase agreement which, *inter alia,* accelerated payment to MWR (which dropped its demand for immediate full payment), limited certain construction activities in order to facilitate the operations of the restaurant located within the MWR premises and set a date certain as the sales closing date. In turn, MWR executed and delivered the declaration of restrictions and the lot agreement, which were necessary to continue construction. Some 10 months later, 805 commenced this action seeking, *inter alia,* rescission of the modification agreement and note on the ground that they were obtained by economic duress; restoration of the *status quo* ante; an order enjoining MWR from enforcing rights or declaring defaults under the modified note; and simultaneously seeking a temporary order and preliminary injunction. 805 maintained that it was wrongfully forced to enter into the modification agreement with its "economic penalties" since MWR knew that by its refusal to deliver the required documents, 805 would be unable to continue construction and thereby, pursuant to its terms,

was threatened with termination of its ground lease and the loss of millions of dollars. In consideration of this matter, we need not go beyond the first step. The record makes clear that at no time did 805 perform the conditions precedent — either those required prior to the sale closing date or those obtaining on the sale closing date — which would have entitled it to the documents requested. Nor has 805 urged that it ever complied with those conditions precedent, as set forth in the purchase agreement. "A contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will." (*Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956, citing *Austin Instrument v Loral Corp.*, 29 NY2d 124, 130.) MWR was within its contractual rights in declining to turn over the requested documents, and thus was not engaging in "wrongful threats" precluding the exercise of 805's free will. Such an exercise of MWR's legal rights did not constitute economic duress, so as to entitle 805 to relief (*Herlou Card Shop v Prudential Ins. Co. of Amer.*, 73 AD2d 562). The complaint should have been dismissed as a matter of law. Concur — Ross, Carro and Milonas, JJ.

Murphy, P. J., and Kupferman, J., concur in part and dissent in part in a memorandum by Kupferman, J., as follows: We concur with the majority insofar as vacatur of the injunctive relief is ordered. We would not, however, grant defendant's cross motion to dismiss the complaint for failure to state a cause of action under CPLR 3211, but would remand the action for a trial on the merits. The amendatory agreement alleged to be the product of economic duress, in essence, provided for acceleration of payments. (See *Sperry Int. Trade v Government of Israel*, 670 F2d 8.) The dispute basically revolves around the question of whether the first payment came due when the permit was issued for excavation, as contended by the defendant-appellant, or on the date the building permit issued, as contended by the plaintiff-respondent. The plaintiff suggests that the defendant knew, or should have known, that the excavation permit was issued as early as possible in order to commence work, even though the building permit could not come until later, and despite that fact insisted on the first payment and used that as an excuse not to deliver the required documents. Without these documents construction could not continue, upsetting the whole arrangement. If a party can raise a spurious issue and thus hold up a deal with dire economic consequences to the other party, that would constitute economic duress. The plaintiff should have an opportunity to try to prove its case. The allegations of the complaint are sufficient to state a cause of action. (CPLR 3013; *Foley v D'Agostino*, 21 AD2d 60.)