OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff has moved and defendant has cross-moved for summary judgment with respect to a contractual provision dealing with reimbursement for counsel fees and other expenses on the conditions set forth.
Defendant 805 Third Avenue Co., was in 1979, proposing to construct a major office building on a site at 805 Third Avenue between 49th and 50th Streets in the City of New York. In order to obtain greater rentable area, defendant arranged to purchase unused air rights from the plaintiff M.W. Realty Associates, which owned a two-story building contiguous to the site.
On September 18, 1979, the parties entered into a written “Purchase and Escrow Agreement” (Original Agreement) pursuant to which the plaintiff agreed to convey the air rights to the defendant. A controversy arose in the *1078 summer of 1980 and the parties thereupon on July 7,1980, executed a written modification of the Original Agreement (Modification Agreement).
Defendant then, having been forced to renegotiate its 99-year ground lease at a net increase in rent of $57,000,000, alleged that the Modification Agreement had been extracted under duress. It commenced an action in this court seeking a declaratory judgment that the Modification Agreement was null and void, and that the parties were governed by the provisions of the Original Agreement. Defendant’s action further sought to enjoin M.W. Realty Associates from enforcing any rights or declaring any defaults under the Modification Agreement, and awarding the 805 Third Avenue Co. compensatory damages of $57,114,722 and punitive damages of $2,500,000. M.W. Realty Associates made a cross motion to dismiss the action. Special Term denied the cross motion and granted the 805 Third Avenue Co. preliminary injunctive relief. On appeal, the Appellate Division vacated the preliminary injunction and granted the cross motion to dismiss. (805 Third Ave. Co. v M.W. Realty Assoc., 87 AD2d 544.) The Court of Appeals, finding that no cause of action for economic duress had been stated, affirmed the decision of the Appellate Division. (805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447.) M.W. Realty Associates thereupon had judgment entered in its favor granting it costs and disbursements totaling $335.75.
M.W. Realty Associates then commenced the present action to recover for all its expenses in the prior action, including legal fees incurred in its successful defense of the prior action in the sum of $157,515.28. The claim for such a recovery is premised upon a provision on the Original Agreement which remained intact after the Modification Agreement, and which provided as follows: “Section 13. If either 805 or M.W. Realty commenced any action or legal proceeding to enforce the provisions of this agreement, the note, or any other Agreement between the parties * * * the party determined to be entitled to the recovery of any costs as provided by law in connection with the final determination of the action or proceedings * * * shall be entitled to reimbursement from the other for all of its reasonable out- *1079 of-pocket expenses that are incurred in prosecuting or defending * * * the action * * * including reasonable counsel fees and interest on the amount of such expenses from the date or dates they are incurred”.
Plaintiff contends that this contractual provision entitles it to summary judgment on its complaint since there was an action to enforce the agreement and there was a final determination in which it recovered costs totaling $335.75. Defendant 805 Third Avenue Co. contends that section 13 does not control because the prior action was not an action to enforce the agreement. Both parties in moving for summary judgment concur that “the words employed in Section 13 are clear and unambiguous” and accordingly this court must resolve the issue as a matter of law.
Despite the characterization of the prior action as one seeking only a declaration of rights and an injunction to restore the parties to the status quo ante, this court concludes that in the prior action, defendant did seek to enforce the purchase and escrow agreement in its unmodified form and that this triggered the applicability of section 13 entitling the prevailing party for reimbursement for out-of-pocket and counsel fees. The mechanics of the legal remedy sought, and nomenclature applied to the cause of action defendant employed to achieve its purposes — declaratory judgment, rescission and restoration of the status quo — cannot obscure the fact that defendant was seeking to have a court of competent jurisdiction declare, in a legal controversy between the parties, that it was the Original Agreement and not the Modification Agreement which controlled the rights and obligations of the parties. Whether the defendant requested active intervention by the court through specific enforcement, equitable relief or passive adjudication (declaratory judgment) the end result would be the same. There would be an action or proceeding in which one of the parties would go to court for a declaration that it was entitled to certain rights conferred by the agreement between the parties. The other party would have the obligation to defend. It is clear that what was intended by the parties as manifested by this agreement was that should either side resort to the courts for a determination of their rights under the agreement, the *1080 prevailing party would be made whole and the losing party penalized. It was, in a sense, an in terrorem provision to encourage agreement and compliance and to discourage litigation.
While it has been stated that “in an action for a declaratory judgment a plaintiff does not seek to enforce a claim against a defendant, but merely a judicial declaration of the rights of the parties for [purposes] of guiding their future conduct” (Dale Renting Corp. v Bard, 39 Misc 2d 266, 267, affd 19 AD2d 799), that general statement has no applicability here. In that case, a party placed in a position of uncertainty sought to obtain a court declaration of rights for the purpose of guiding future conduct and to avoid subjecting himself to loss or damage before changing position. Professor David Siegel has pointed out that a declaratory judgment action merely states the rights of the parties and “let[s] things go at that” without coercive enforcement. (Siegel, NY Prac, § 436.) With all due respect to the learned commentator, in the real world a naked and pristine declaration of rights, standing by itself, can rarely be observed. A judicial declaration which eventuates in a judgment has consequences, and is not merely the resolution of an abstract controversy. In the prior action here under scrutiny, the present defendant was not seeking an abstract declaration, but was, in fact, seeking to enforce the Original Agreement rather than the Modification Agreement. The declaration it sought rescinding the Modification Agreement and declaring it null and void would have resulted in the rights of the parties being governed by the Original Agreement. The defendant sought enforcement of the earlier agreement by seeking to enjoin the plaintiff herein from enforcing any rights or declaring any defaults under the Modification Agreement. In its second and third causes of action, almost $60,000,000 in damages were sought because it was claimed that M.W. Realty Associates had not adhered to and complied with the provisions of the Original Agreement. Upon obtaining the preliminary injunction in Special Term, the 805 Third Avenue Co. submitted an order providing that “plaintiff shall * * * make any payments that may hereafter become due pursuant to a certain Purchase and Escrow Agree *1081 ment”. Those are certainly provisions which would tend to “enforce” the agreement of the parties. The word “enforce” is defined in Black’s Law Dictionary (5th ed) as: “To put into execution; to cause to take effect; to make effective; as, to enforce * * * a writ, a judgment, or the collection of a debt or fine; to compel obedience to.” It also has the meaning of giving effect to or obtaining authoritatively. (30 CJS, Enforce, p 696.) The seeking of an authoritative determination as to whether or not the Original Agreement prevailed was an attempt to enforce it rather than the Modification Agreement. The consequences of the action would involve invalidation of conflicting provisions, the right to have payments and performance pursuant to the Original Agreement and the awarding of very significant damages because the Original Agreement was allegedly departed from.
There is no merit to defendant’s contention that section 13 applies only to enforcement of the escrow provision. Section 13 talks about enforcing “the provisions of this Agreement”, and that language appears for both the Original Agreement and the Modification Agreement. There is likewise no merit to defendant’s contending that plaintiff’s failure to seek reimbursement for legal fees in the prior action precludes its claim here. Such a claim would have been premature before it was finally determined that plaintiff herein was entitled to final judgment and costs. Having prevailed on a CPLR 3211 motion to dismiss before any answer was interposed, plaintiff could hardly have interposed the claim for counsel fees -in its answer when no answer was ever called for.
The court construes the contractual language between the parties as clearly meaning that “if the parties have to go to court to get a judicial resolution of controversies arising under this contract, the prevailing party shall be entitled to recover all out-of-pocket expenses and counsel fees.” Defendant having attempted resort to the courts for a judicial determination that the rights and obligations of the parties were governed by the Original Agreement, and that contention having been rejected by the Appellate Division and the Court of Appeals, it will not now be permitted to evade its contractual obligations by a hyper- *1082 technical view of the meaning of the word “enforce”. Courts are in the business of enforcing rights by defining them, clarifying them and directing the parties to adhere to the obligations so found. Defendant, having unsuccessfully invoked the aid of the courts to vindicate its version of its rights, must adhere to its obligations to bear the costs of doing so.
Motion of the plaintiff for summary judgment is granted and cross motion by the defendant is denied. The matter shall be set down for assessment to determine the “reasonableness” of plaintiff’s claim for counsel fees.