In the Matter of PARI SARA SHIRAZI, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [40 NYS3d 65]—

Order and judgment (one paper), Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered April 30, 2014, granting respondents/defendants' (respondents) motion to dismiss the second amended petition/complaint (petition) seeking to, among other things, reinstate petitioner/plaintiff (petitioner) to her former position as an Associate Arts Professor at respondent/defendant New York University (NYU), and dismissing the hybrid plenary action and CPLR article 78 proceeding, unanimously reversed, on the law, without costs, to vacate the judgment, and deny the motion as to the breach of contract causes of action and the article 78 claims, and the portions of the defamation cause of action as indicated herein.

According petitioner the benefit of every favorable inference on the motion to dismiss (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]), her first cause of action adequately alleges a claim for breach of the appointment and reappointment provisions contained in the Arts Professor Policy Document issued by NYU (policy document). Petitioner adequately alleged that those provisions set forth contractually enforceable parameters governing the lengths of terms of employment for Arts Professors. The policy document was not issued unilaterally by NYU, but was the product of a lengthy "negotiation and bargaining process" between NYU and faculty, indicative of a bilateral agreement reached with NYU (*Wernham v Moore*, 77 AD2d 262, 265 [1st Dept 1980]). Moreover, the policy document's purpose was to provide for

fixed terms of employment for Arts Professors, including five-year terms in the case of Associate Arts Professors. Accordingly, it is reasonable to construe the policy document as establishing the "definite period of time" mentioned in NYU's bylaws (see *O'Neill v New York Univ.*, 97 AD3d 199, 208 [1st Dept 2012]).

Petitioner has adequately alleged a breach of the policy document's provisions. According her the benefit of every favorable inference, as of September 1, 2006, she was appointed to an initial five-year term as Associate Arts Professor, terminating on August 31, 2011, and she received a favorable review before the end of her fourth year. Therefore, according to the policy document, she should have received "[n]otification of renewal" for a new five-year term "by the beginning of the fifth year"—that is, by September 1, 2010. She received no such notification. She did not receive any "noti[ce] of intention not to be reappointed" either, which, according to the policy document, should be given in the event of an unsuccessful review. Instead, she received a letter, effective "as of September 1, 2010," informing her that her "status as a faculty member" was "Associate Arts Professor." For present purposes, petitioner may be said to have reasonably assumed that she had been reappointed to the five-year term specified in the policy document (see *O'Neill*, 97 AD3d at 211-212). Therefore, it remains to be determined whether the policy document applies to petitioner; whether respondents breached the policy document by failing to provide petitioner with any express notice of renewal; whether the September 2010 "status" letter may be reasonably deemed to have constituted notice of reappointment; and whether petitioner acted reasonably in failing until March 2012 to take any action to compel an express confirmation of reappointment to a five-year term. These issues should be decided upon a fuller record following discovery.

Petitioner's second cause of action adequately states a claim for breach of contract based on her termination without the benefit of the disciplinary procedures set forth in title IV of NYU's Faculty Handbook (see *Felsen v Sol Cafe Mfg. Corp.*, 24 NY2d 682, 685-686 [1969]). At this juncture, where no discovery has been had to expand upon the meaning of the various inter-related documents, the disciplinary procedures appear on their face to express an intent to apply to allegations of misconduct by all faculty members, whether tenure-track or not, including petitioner.

"Consistent with the parallel contract causes of action discussed above," petitioner's fourth and fifth causes of action,

seeking article 78 relief, sufficiently allege, respectively, that NYU acted arbitrarily and capriciously in failing to notify her of the renewal of her appointment as an Associate Arts Professor, and in failing to adhere to its own disciplinary procedures in the termination of her employment (*O'Neill*, 97 AD3d at 213). The issue of whether petitioner timely asserted her article 78 claims should, like her contract claims, be decided upon a fuller record following discovery.

Petitioner has adequately stated claims for defamation relating to the alleged statements of respondent/defendant John Sexton, made on December 13, 2011, to the head of the Economic Development Board of Singapore (EDBS), that plaintiff had made improper funds transfers and had used funds of the Tisch School of the Arts Asia (Tisch Asia) for personal purposes, resulting in her removal. These alleged statements were not mere matters of opinion, but rather were factual and defamatory in nature (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]). Moreover, it cannot be said that these statements were protected by any qualified privilege; although the Tisch Asia board members, to whom the statements were also directed, shared a common interest with Sexton in the school's financial health, the head of EDBS did not (*see Stukuls v State of New York*, 42 NY2d 272, 278-279, 281 [1977]). EDBS was an entirely separate governmental or quasi-governmental agency, with its own interests in Tisch Asia, which would not necessarily be aligned with NYU's interests (*see id.*). The November 2011 statements of defendant Joe Juliano, to an outside consultant and an outside contractor, that plaintiff had "violated NYU rules" concerning overseas construction, and that NYU had not approved the resulting cost overruns, are likewise potentially actionable, and not protected by any privilege (*see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *Lipman v Ionescu*, 49 AD3d 458, 458 [1st Dept 2008]).

The remaining allegedly defamatory statements in the petition are either nonactionable statements of opinion, or are protected by the common interest privilege, or both (*see Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009]; *Foster v Churchill*, 87 NY2d 744, 751 [1996]). Concur—Tom, J.P., Saxe, Richter, Manzanet-Daniels and Webber, JJ.