Carey v Toy Indus. Assn. TM, Inc. (2023 NY Slip Op 02280)

Carey v Toy Indus. Assn. TM, Inc.

2023 NY Slip Op 02280

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 160333/16, 595643/18 Appeal No. 145-146 Case No. 2022-01112, 2022-01120 

[*1]Kevin Carey, Plaintiff,
v
Toy Industry Association TM, Inc., Defendant.
Toy Industry Association, Inc., Sued Herein as Toy Industry Association TM, Inc., Third-Party Plaintiff-Respondent,
v
Freeman Expositions, Inc., Third-Party Defendant-Appellant.

Forchelli Deegan Terrana LLP, Uniondale (Russell G. Tisman of counsel), for appellant.
Eustace Prezioso & Yapchanyk, New York (Robert M. Mazzei of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 4, 2021, which, to the extent appealed from, denied third-party defendant Freeman Expositions, Inc.'s (Freeman) motion for summary judgment dismissing the third-party contractual indemnification and common-law indemnification and contribution claims as against it, unanimously modified, on the law, to grant that portion of Freeman's motion for summary judgment dismissing the common-law indemnification and contribution claims asserted against it, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 17, 2022, which, to the extent appealable, denied Freeman's motion for leave to renew its motion for summary judgment, unanimously dismissed, without costs, as academic.
The motion court should not have denied Freeman's motion for summary judgment on the basis that its contract with third-party plaintiff Toy Industry Association, Inc. (TIA) was not in admissible form. The copy of the contract on which Freeman relied in support of its motion was annexed to TIA's third-party complaint. The contract, therefore, was part of the complaint "for all purposes" (CPLR 3014; see 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451 [1983]), and facts admitted in the complaint "'constitute formal judicial admissions, and are conclusive of the facts admitted'" (U-Trend N.Y. Inv. L.P. v US Suite LLC, 186 AD3d 438, 441 [1st Dept 2020], lv dismissed 36 NY3d 961 [2021], quoting Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412 [2014]). Thus, TIA's rights arise out of the contract annexed to its complaint and it is bound by the contract provisions (see Pletman v Goldsoll, 264 App Div 393, 394 [1st Dept 1942]; 805 Third Ave. Co., 58 NY2d at 451; La Potin v Lang Co., 30 AD2d 527, 528 [1st Dept 1968]). The contract was also admissible for the independent reason that TIA both did not object to its admissibility before the motion court (rather, plaintiff did) and relied on the same contract in support of its cross motion (see Rosa v 47 E. 34th St. [NY], L.P., 208 AD3d 1075, 1079 [1st Dept 2022]). In view of the foregoing, we dismiss as academic Freeman's appeal from the order denying its motion for leave to renew, the purpose of which was to tender the contract in admissible form to the motion court's satisfaction.
Nevertheless, Supreme Court properly denied Freeman summary judgment dismissing the third-party claim against it for contractual indemnification. The parties' contract relieves Freeman of its duty to indemnify TIA "for occurrences or accidents caused by any other party not under Freeman's direct control." While the record demonstrates that Freeman exerted a substantial amount of control over the exhibitors who are alleged to have caused plaintiff's accident, issues of fact remain as to whether that control amounts to "direct control" for purposes of the contractual indemnification clause in Freeman's contract with TIA (see Sommer [*2]v Federal Signal Corp., 79 NY2d 540, 555 [1992]).
However, Supreme Court should have dismissed TIA's common-law indemnification and contribution claims on the ground that plaintiff was Freeman's special employee when his accident occurred and therefore, the claims are precluded by the Workers' Compensation Law. "A worker may be deemed a special employee where he or she is 'transferred for a limited time of whatever duration to the service of another'" (Grilikhes v International Tile & Stone Show Expos, 90 AD3d 480, 482 [1st Dept 2011], quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). "While the mere transfer does not compel the conclusion that a special employment relationship exists, a court is most likely to find that it does where the transferee 'controls and directs the manner, details and ultimate result of the employee's work'" (Grilikhes, 90 AD3d at 482, quoting Thompson, 78 NY2d at 558). Grilikhes is factually identical to this case and is controlling. In Grilikhes, as in this case, the plaintiff was a union carpenter who worked at the Javits Center and was injured while dismantling one of the exhibit booths (see Grilikhes,90 AD3d at 481). The record demonstrated that on the date of his accident, the plaintiff in Grilikhes signed in at a New York Convention Center Operating Corporation (NYCCOC) desk, was thereafter transferred to the contractor, which gave plaintiff a list of tasks to complete each day and supplied him with all necessary work materials, including safety equipment (see id.). There was also testimony in the record that both plaintiff and the contractor considered the contractor to be plaintiff's supervisor (see id.). In granting the contractor's motion for summary judgment dismissing the complaint, this Court found that the record established, as a matter of law, that the plaintiff was the contractor's special employee.
Based on this Court's finding in Grilikhes, in this case, the record establishes, as a matter of law, that plaintiff was Freeman's special employee at the time of his accident. The record demonstrates that on the date of his accident, plaintiff signed in at an NYCCOC desk and was thereafter transferred to the contractor, Freeman, to receive his assignment, that Freeman directed and supervised plaintiff in the dismantling of the exhibit booths, that Freeman furnished plaintiff his work equipment and that both Freeman and plaintiff considered Freeman to be plaintiff's supervisor.
We have considered Freeman's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023