Sevigny v. Wausau                    CV-03-501-JM  09/07/04

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Roger A. Sevigny, Insurance
Commissioner as Liquidator of
the Home Insurance Company

    v.                                    Civil No. 03-501-JM
                                        Opinion No. 2004 DNH 131

Employers Insurance of Wausau,
a Mutual Company


## O R D E R


Before the Court for consideration is the motion for remand filed by Plaintiff Roger A. Sevigny, Insurance Commissioner of the State of New Hampshire acting as Liquidator for the Home Insurance Company (hereinafter "the Commissioner"). Defendant Employers Insurance of Wausau ("Wausau") filed an objection. For the reasons set forth below, the Court grants the motion.

### Standard of Review

Wausau removed this action, originally filed in Merrimack County Superior Court ("Superior Court"), to federal court asserting that this court has jurisdiction over this action under 28 U.S.C. § 1441. "[T]he right of removal being statutory, a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Sirois v.

Bus. Express, Inc., 906 F. Supp. 722, 725 (D.N.H. 1995) (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Therefore, to defeat a motion for remand, the party that removed the action must demonstrate that the asserted basis for removal satisfies statutory prerequisites. Id. at 725; see also Kingsley v. Lania, 221 F. Supp. 2d 93, 95 (D. Mass. 2002) (upon a motion for remand, the removing party has the burden to show that the court has subject matter jurisdiction, that removal was timely, and that removal was proper). In deciding a motion for remand, the court may pierce the pleadings and consider summary-judgment type evidence such as pleadings, affidavits and deposition transcripts. Duffin v. Honeywell Int'l, Inc., 312 F. Supp. 2d 869, 871 (N.D. Miss. 2004) (citing Hart v. Bayer Corp., 199 F.3d 239, 246-47 (5th Cir. 2000)).

The Commissioner does not contend that the federal court lacks subject matter jurisdiction or that there has been a defect in the removal procedure. See 28 U.S.C. § 1447(c) (statutory grounds for a motion for remand). Rather, the Commissioner urges the court to decline to exercise its jurisdiction under the abstention doctrines discussed in Burford v. Sun Oil Co., 319 U.S. 315 (1943), and its progeny, and Colorado River Water

2

Conservation Dist. v. United States, 424 U.S. 800 (1976).

In considering the circumstances in which it would be appropriate for federal courts to abstain, the Supreme Court has found that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). Nevertheless, that duty is not absolute. Id. at 716. Federal courts may decline to exercise jurisdiction in exceptional circumstances where denying a federal forum would clearly serve an important countervailing interest. Id. The court's authority to abstain "extends to all cases in which the court has discretion to grant or deny relief." Id. at 718.

The Burford and Colorado River abstention doctrines, asserted by the Commissioner here, have different rationales. In New Orleans Public Serv., Inc. v. Council of New Orleans ("NOPSI"), 491 U.S. 350, 360-364 (1989), the Supreme Court summarized the Burford doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question

3

in the case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

Id. at 361 (quoting Colorado River, 424 U.S. at 814).

There is no "formulaic test" for determining when dismissal under the Burford doctrine is appropriate. Quackenbush, 517 U.S. at 727. The court's decision is based on a balancing of "the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining "uniformity in the treatment of an 'essentially local problem.'" Id. at 728. The Supreme Court has found that this balance only rarely favors abstention. Id.

Distinct from the principles of the Burford doctrine, the Supreme Court found in Colorado River that a federal court may abstain from hearing a matter when there is a concurrent state proceeding based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817. Such abstentions must be considered exceptional. Id. at 818. The First Circuit has identified six factors that ought to be considered in determining whether Colorado River abstention applies based on the Supreme Court's decisions in Colorado River

4

and <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1 (1983):

> (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

<u>Currie v. Group Ins. Comm'n</u>, 290 F.3d 1, 10 (1st Cir. 2002). This non-exhaustive list is to be used as a discretionary tool, not a litmus test. <u>Id.</u>; <u>see also</u> <u>Colorado River</u>, 424 U.S. at 818-819 ("No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.").

The Court next sets forth the background of this action in light of the standards for <u>Burford</u> and <u>Colorado River</u> abstention.

<u>Background</u>

By order dated June 13, 2003, the Superior Court found that The Home Insurance Company ("The Home") was insolvent and ordered that The Home be liquidated. Order of Liquidation, ¶ (b), attached as Exhibit A to Pl.'s Mot. for Remand. The Commissioner was appointed Liquidator of The Home. <u>Id.</u> The Order of

5

Liquidation further provides in relevant part that:

> To the full extent of the jurisdiction of the Court and the comity to which orders of the Court are entitled, all persons are hereby permanently enjoined and restrained from any of the following actions:
>
> . . .
>
> (7) the setoff of any debt owing to The Home; provided, however, that notwithstanding anything in this Order to the contrary, nothing herein is intended nor shall it be deemed to stay any right of setoff of mutual debts or mutual credits by reinsurers as provided in and in accordance with RSA 402-C:34;[1]

Order of Liquidation, ¶ (n)(7).

In October 2003, the Commissioner commenced the instant action in the Superior Court by filing a complaint requesting a declaratory judgment. See Petition for Removal and attached complaint (document no. 1). The Commissioner alleges in the complaint that Wausau contends that it is entitled to offset balances owed to The Home under reinsurance agreements against balances allegedly owed to Wausau under reinsurance agreements with U.S. International Reinsurance Company ("USI Re"). Compl., ¶ 16. The Commissioner alleges that USI Re is an entity

---

[1]N.H. Rev. Stat. Ann. ("RSA") 402-C:34 provides that setoffs are permitted in connection with any action or proceeding under New Hampshire's Insurers Rehabilitation and Liquidation Act, RSA 402-C:1 et. seq., but only with regard to mutual debts or mutual credits between the insurer and another person and subject to challenge under specified exceptions.

"incorporated under the laws of New Hampshire and is the subject of a Liquidation proceeding that is separate and distinct from the Home Liquidation proceeding." Compl., ¶ 7. The Commissioner claims that the offsets that Wausau seeks to make are not mutual, and therefore are contrary to RSA 402-C:34 and the Superior Court's Order of Liquidation. Compl., ¶ 16. The Commissioner requests a declaratory judgment that no mutuality exists between The Home and USI Re reinsurance agreements, and that Wausau is not entitled to setoff debts owed to The Home against debts allegedly owed to Wausau by USI Re. Prior to filing a responsive pleading, Wausau removed the action to federal court on the basis of diversity and federal question jurisdiction.

The Commissioner argues that remand is appropriate under the Burford and Colorado River abstention doctrines because this action arises as an integral part of the state's liquidation proceedings against an insolvent insurance company. He further argues that since Wausau seeks to make a setoff that is not founded on mutuality, Wausau is subject to the stay imposed by the Superior Court's liquidation order and must go to that court for relief.

In its objection, Wausau responds that, as the Commissioner

7

acknowledges in the complaint, the purportedly non-mutual offsets were the subject of a prior challenge by The Home that was resolved in Wausau's favor by binding arbitration several years ago. See Compl., ¶ 9. According to Wausau, a threshold issue presented in this case is whether the Commissioner is precluded from relitigating the setoff issue. Wausau argues that such issues are commonly decided by federal courts, implicate the Federal Arbitration Act, and present no occasion for this Court to apply the Burford or Colorado River abstention doctrine.

The Commissioner replies that Wausau's objection inappropriately focuses on the parties' pre-insolvency relations. The Commissioner contends that the commencement of the liquidation proceeding against The Home invokes the application of New Hampshire statutory law and the state court's equitable power to limit setoff rights in order to protect the rights of creditors. Therefore, the Commissioner argues, the doctrine of res judicata does not apply.

Discussion

I. The Court Has the Authority to Abstain

Based on the Court's review of the Supreme Court's decision in Quackenbush, the Court finds that it has the authority to

8

abstain in this case. In Quackenbush, the Insurance Commissioner for the State of California, as trustee for insolvent insurance companies, brought an action against Allstate Insurance Company in state court to recover reinsurance proceeds under common-law tort and breach of contract theories. 517 U.S. at 709. After Allstate removed the action to federal court, the district court remanded the case to state court based on Burford abstention. Id. The Court of Appeals for the Ninth Circuit vacated the district court's decision and ordered the case sent to arbitration. Id. at 710.

On further appeal, the Supreme Court recognized that "in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." Id. at 721. Since the Insurance Commissioner in Quackenbush sought tort and contract damages, the Supreme Court affirmed the Ninth Circuit's decision because the relief sought in the district court was neither equitable nor discretionary. Id. at 731.

9

The facts of the instant case are distinguishable from Quackenbush because the relief sought by the Commissioner in this action, declaratory judgment, is discretionary. See id. at 718-719 (citing Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (federal courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites")). Accordingly, the federal court has the power to dismiss or remand this case if a recognized abstention doctrine applies. Quackenbush, 517 U.S. at 731.

II. Abstention Under the Burford Doctrine

A. Timely and Adequate State Court Review

The first consideration for abstention under the Burford doctrine is whether timely and adequate state-court review of this matter is available. The provisions of New Hampshire's Insurers Rehabilitation and Liquidation Act ("the Act") give the Superior Court the power to decide all issues relating to the disposition of an insolvent insurance company's assets. RSA 402-C:4 (III), (IV). Wausau does not dispute The Home's assertion that its reinsurance recoverables are assets. Therefore, the Superior Court's jurisdiction extends to the determination of

10

Wausau's right to make setoffs that limit The Home's assets. Wausau has not asserted any basis for a finding that it could not receive timely and adequate review of its preclusion defense in the Superior Court, and this Court is not aware of any. Accordingly, the Court finds that timely and adequate state court review of this action is available.

B.    Proceedings or Orders of a State Administrative Agency

In New Hampshire, liquidations of insolvent insurers are governed by the Act and implemented by the Superior Court. Therefore, there is an issue of whether the Burford doctrine applies to this case since it does not involve an order of or proceedings before a state administrative agency. See Fragoso v. Lopez, 991 F.3d 878, 883 (1st Cir. 1993) (questioning whether Burford abstention applies to an insolvent insurer being liquidated under a state judicial structure rather than a state administrative agency). Despite this apparent barrier, the weight of the authority supports a finding that Burford abstention may be applied in this context. See Quackenbush, 517 U.S. at 733 ("The fact that a state court rather than an agency was chosen to implement California's [regulatory scheme for the insurance industry] provided more reason, not less, for the

11

federal court to stay its hand.") (Kennedy, J., concurring); Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 209 (5th Cir. 2003) (finding that federal courts normally manage the conflict between their exercise of jurisdiction and state laws establishing exclusive claim proceedings for insurance insolvencies by abstaining under Burford); see also Feige v. Sechrest, 90 F.3d 846 (3d Cir. 1996) (finding that a district court appropriately stayed an action seeking money damages under the Burford doctrine during the pendency of a state court proceeding to liquidate an insurer). Accordingly, the Court assumes that Burford abstention could be applied in this action because New Hampshire has established a comprehensive regulatory scheme for the liquidation of insolvent insurers under the Act.

C. Difficult Questions of State Law

The Court next considers whether the instant action presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." The issue presented in the Commissioner's declaratory judgment action is whether Wausau's challenged setoffs may be considered "mutual" within the meaning of RSA 402-C:34. The Commissioner argues that the New Hampshire

12

statute requires "traditional mutuality" for setoffs during the pendency of a liquidation proceedings, which the Commissioner alleges does not exist for the setoffs Wausau seeks to make. The Commissioner has not cited any New Hampshire authorities in support of his position. Additionally, the Commissioner argues that the Superior Court has the equitable power in a liquidation proceeding to limit setoff rights that might otherwise be available in order to effect the purpose of the Act.[2] Again, the Commissioner has not cited any New Hampshire authorities in support of his position. The Court finds that these seemingly unresolved issues present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result" in the instant case.

In opposing the Commissioner's motion, Wausau argues that the Burford doctrine should not be applied because the issue of whether the prior arbitration awards in Wausau's favor precludes the Commissioner from asserting his non-mutuality claim does not call for the exercise of equitable powers under state law or implicate any paramount state interests. Wausau's argument puts

---

[2]RSA 402-C:1(IV) provides that: "The purpose of this chapter is the protection of the interests of insureds, creditors, and the public generally, with minimum interference with the normal prerogatives of proprietors, . . . ."

13

the cart before the horse.  Wausau may have a valid defense to the Commissioner's claim, but that does not mean that the Commissioner's claim ought not be heard by the state court in the first instance where the Commissioner seeks a declaratory judgment that involves an interpretation of a state insolvency statute and the Superior Court's equitable powers in a liquidation proceeding.

Since the Court finds that Wausau has an opportunity for timely and adequate review of its preclusion defense in the state court, and that this action raises difficult questions of substantial public import pertaining to the extent of setoff rights in a liquidation proceeding, the Court finds that it would be appropriate for the federal court to abstain in order for the state court to determine in the first instance how RSA 402-C:34 and the Superior Court's Order of Liquidation applies to these facts.

III. Colorado River Abstention

The Commissioner also contends that Colorado River abstention applies in this case.  Colorado River abstention may apply when there is concurrent state and federal litigation involving essentially the same issues.

14

There is no doubt that there is a pending liquidation proceeding in the state court pertaining to The Home. While the Commissioner argues that the instant action arises as "an integral part" of the liquidation proceedings, the action was commenced by the Commissioner's filing of a complaint, which Wausau removed to federal court. Therefore, it does not appear, as a technical matter, that this dispute is currently being actively litigated in the state court. But the Commissioner is expressly authorized under the Act to "[c]ollect all debts and moneys due and claims belonging to the insurer," RSA 402-C:25 (VI), and to institute actions in New Hampshire or elsewhere in order to effect the purpose of the Act. See 402-C:25 (VI), (XII), (XVII). Such actions are incidental to the liquidation proceeding. Moreover, there is no question that the Superior Court obtained jurisdiction over the liquidation of The Home months before the instant action was commenced, and that the Superior Court has jurisdiction over the instant dispute. And, as discussed above, the Court finds that Wausau's interests can be adequately protected in the state forum. All of these factors support the application of Colorado River abstention.

Most significantly, it appears that state law controls the

15

outcome of this dispute.  The Commissioner contends that the New Hampshire insolvency statute, and the state court's equitable powers in a liquidation proceeding, limit Wausau's setoff rights. In response, Wausau contends that federal law applies because it argues that the prior arbitration awards in its favor are governed by the Federal Arbitration Act ("FAA").  However, Wausau does not address the application of the McCarran-Ferguson Act, 15 U.S.C. § 1011, et seq., to this action.  Courts have held that a party's rights under the FAA are preempted by state laws regulating the business of insurance pursuant to § 1012(b) of the McCarran-Ferguson Act.[3]  See Munich Am. Reinsurance Co. v. Crawford, 141 F.3d 585, 596 (5th Cir. 1998) (finding that state laws regulating the business of insurance may suspend federal remedies under the FAA); Nat'l Home Ins. Co. v. King, 291 F. Supp. 2d 518, 528-531 (E.D. Ky. 2003) (finding that a Kentucky statute providing that arbitration clauses in insurance contracts were not enforceable was exempt from preemption by the FAA by

_____

[3]Section 1012(b) provides that:

No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . ., unless such Act specifically relates to the business of insurance.

16

virtue of the McCarran-Ferguson Act); <u>see also</u>, <u>Quackenbush</u>, 517 U.S. at 733 (finding that the district court was reasonably concerned about the threat posed to state proceedings by different state and federal rulings on a then-unresolved issue of setoff rights and citing the McCarran-Ferguson Act) (Kennedy J., concurring).  Because the Commissioner's claim is based on the interpretation of state laws regulating the business of insurance that are not preempted by the FAA, the Court finds that state law issues predominate in the instant action.

Weighing the relevant considerations, the Court finds that <u>Colorado River</u> abstention applies to this action.  This Court does not express any opinion regarding the effect of prior arbitration awards in Wausau's favor on the Commissioner's ability to challenge the propriety of Wausau's setoffs in light of The Home's liquidation.  Wausau is free to assert its entitlement to continue taking setoffs in the Superior Court. <u>See</u> <u>Munich Am. Reinsurance</u>, 141 F.3d at 596.

Conclusion

For the reasons set forth above, the Court finds that this Court should abstain from hearing this matter based upon the <u>Burford</u> and <u>Colorado River</u> abstention doctrines.  Accordingly,

17

the motion for remand (document no. 5) is granted.  The Clerk of Court is directed to remand this matter back to the Merrimack County Superior Court.

SO ORDERED.

_____
James R. Muirhead
United States Magistrate Judge

Date: September 7, 2004

cc:   Peter C.L. Roth, Esq.
      Natasha C. Lisman, Esq.
      Doreen F. Connor, Esq.

18